# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SCOTT SERIO,

    Plaintiff(s),

v.

PREGAME LLC, et al.,

    Defendant(s).

Case No. 2:21-cv-01940-JAD-NJK

**ORDER TO SHOW CAUSE**

Pursuant to Canon 3(B)(6) of the Code of Conduct for United States Judges, "[a] judge should take appropriate action upon receipt of reliable infomration indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct." The unauthorized practice of law and the aiding of another's unauthorized practice of law violate Nevada's ethical rules, and such conduct may lead to disciplinary proceedings and other adverse consequences. *See, e.g.*, *In re Discipline of Lerner*, 197 P.3d 1067 (Nev. 2008) (*en banc*) (publicly reprimanding Nevada attorney for assisting in an Arizona-based attorney's unauthorized practice of law). Referral to the state bar for investigation and potential disciplinary proceedings may be appropriate when circumstances exist that may show such unauthorized practice of law. *See, e.g.*, *Gutierrez v. Berryhill*, No. 2:18-cv-02068-RFB-NJK, Docket No. 27 (D. Nev. Feb. 19, 2019).

This District has established two primary methods for a person to be authorized to practice law here. First, that person may apply to be admitted to the bar of this Court. Local Rule IA 11-1(a)(1). This process requires, *inter alia*, that the applicant is admitted to practice before the Supreme Court of Nevada and remains in good standing therewith. *Id.* Second, that person may apply to be admitted to practice in a particular case pending in this Court. Local Rule IA 11-2(a). This process requires, *inter alia*, the payment of a fee, Local Rule IA 11-2(b), and the absence of regular practice in this Court by the applicant, Local Rule IA 11-2(h).

The record in this case reveals that "Plaintiff's Primary Counsel[]" are out-of-state attorneys who have not appeared as counsel of record in this matter. Docket No. 13-2 at ¶ 7. These attorneys work for the law firm of SR IP Law in Florida, and appear to have engaged in the bulk of legal activity in litigating this case. *See* Docket No. 13-2 (billing records). These attorneys do not appear to be licensed to practice law in the state of Nevada, *see White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (courts may take judicial notice of state bar records), and they did not apply to appear *pro hac vice* in this action.

In light of these concerns, out-of-state attorneys Jonah Grossbardt and Matthew Rollin are **ORDERED** to show cause in writing why they should not be referred to the Nevada State Bar to investigate whether they have engaged in the unauthorized practice of law. Nevada attorneys Marc Randazza, Ronald Green, and Trey Rothell are **ORDERED** to show cause in writing why they should not be referred to the Nevada State Bar to investigate whether they have aided in the unauthorized practice of law. The responses to this order to show cause must be filed by January 25, 2023.

No later than January 12, 2023, the Nevada attorneys must file a proof of service on the docket showing that they have provided a copy of this order to show cause to the out-of-state attorneys.

IT IS SO ORDERED.

Dated: January 11, 2023

_____
Nancy J. Koppe
United States Magistrate Judge