UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT SERIO,<br><br>    Plaintiff(s),<br><br>v.<br><br>PREGAME LLC, et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-01940-JAD-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 13] |

Pending before the Court is Plaintiff's motion for default judgment. Docket No. 13.[1] No response has been filed. The motion was referred to the undersigned magistrate judge for the preparation of a report and recommendation. *See* Local Rule IB 1-4.

**I.  BACKGROUND**

Plaintiff is a photographer specializing in images of equine sports. Docket No. 1 (complaint) at ¶ 2. In 2017, Plaintiff photographed a horse competing in the Kentucky Derby (hereinafter, "the photograph"). *See id.* at ¶ 13; *see also* Docket No. 13-1 at ¶¶ 4-5. The photograph was registered with the United States Copyright Office, Compl. at ¶ 14, and a certificate of registration issued, Docket No. 1-1.

Defendant Pregame is a sports betting company and Defendant Busack is its chief executive officer. Compl. at ¶¶ 3, 4. Plaintiff alleges that he discovered the photograph displayed on Defendants' website in a story regarding the Kentucky Derby. *Id.* at ¶ 19; *see also* Docket No. 13-2 at 7-12. Plaintiff did not authorize Defendants' use of the photograph. Compl. at ¶ 20. Plaintiff notified Defendants of the alleged infringing use of the photograph, but they did not respond to those notices. *Id.* at ¶ 26.

---

[1] Pin citations to the motion for default judgment herein are made to the pagination provided by CMECF.

1

On October 20, 2021, Plaintiff brought this suit alleging a single count of copyright infringement. *Id.* at ¶¶ 27-34. On November 4, 2021, the complaint and summons were personally served on Defendants. Docket Nos. 7, 8. Defendants did not appear thereafter. On February 16, 2022, the Clerk entered default against Defendants. Docket No. 10. On November 10, 2022, Plaintiff filed a motion for default judgment, Docket No. 13, which is the matter currently before the Court.

## II. STANDARDS

Once default has been entered, a plaintiff may apply to the Court for entry of default judgment. Fed. R. Civ. P. 55(b)(2). The choice whether to enter default judgment is entrusted to the discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, courts look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*[2] In the Court's analysis, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. ANALYSIS

### A. Entitlement to Entry of Default Judgment

Entry of default judgment against Defendants is appropriate in this case, as evidenced by consideration of the *Eitel* factors.

The first *Eitel* factor, regarding potential prejudice to the movant, supports entry of default judgment. The Copyright Act establishes a cause of action for copyright infringement. 17 U.S.C.

---

[2] The Court must ensure that proper service was effectuated and that a sufficient basis exists to exercise personal jurisdiction over the absent party. *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999); *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 877-78 (N.D. Cal. 2012). The undersigned is satisfied on both accounts in this case. *See* Docket No. 13 at 11-13.

§ 501. Defendants' failure to respond or otherwise appear has prejudiced Plaintiff's ability to pursue his claim on its merits. *See, e.g.*, *Amini Innovation Corp. v. KTY Int'l Mtkg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). This factor militates in favor of entering default judgment.

The second and third factors, regarding the merits of the movant's substantive claim and the sufficiency of the allegations made, also support entry of default judgment. A copyright infringement claim requires pleading that Plaintiff owns a copyright and that Defendants impinged on Plaintiff's bundle of exclusive rights conferred by that copyright, including reproducing, publishing, or displaying the work. *Bell v. Wilmott Storage Servs., LLC*, 12 F. 4th 1065, 1071 (9th Cir. 2021); *see also* 17 U.S.C. § 106. In this case, Plaintiff alleges ownership of a copyright in the photograph, as well as Defendants' unauthorized use of that photograph. *See* Section I. These factors militate in favor of entering default judgment.

The fourth factor, regarding the sum of money at stake, weighs in favor of entering default judgment. This factor requires consideration of "the amount of money at stake in relation to the seriousness of [the defendants'] misconduct." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Id.* When a copyright plaintiff seeks statutory damages, the Court has wide discretion to ensure that the amount of damages awarded is appropriate given the circumstances presented. *LHF Prods., Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1116 (D. Nev. 2017). Although the undersigned finds the amount of damages sought to be excessive for the reasons discussed below, this factor militates in favor of entering default judgment considering the exercise of discretion to set an appropriate recovery. *See LHF*, 299 F. Supp. 3d at 1116.

The fifth factor, regarding the possibility of a dispute of material facts, also supports entry of default judgment. The potential for such a dispute is remote given that Defendants were properly served and chose to forego the opportunity to dispute the facts, which results in the material facts in the complaint being taken as true. *See Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Hence, there appears to be little possibility of a dispute as to material facts and this factor militates in favor of entering default judgment.

The sixth factor, regarding whether the defaulting party failed to appear as a result of excusable neglect, also supports entry of default judgment. As noted above, service was effectuated more than a year ago. Docket Nos. 7, 8. The deadline to respond likewise expired long ago. *See* Fed. R. Civ. P. 12(a). Default was entered long ago. Docket No. 10. Defendants' failure to appear or otherwise take action to defend this action during this timeframe renders the potential existence of excusable neglect unlikely. *See LHF*, 299 F. Supp. 3d at 1116. This factor militates in favor of entering default judgment.

The final *Eitel* factor addresses the policy preference for deciding cases on their merits. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. As evidenced by the existence of Rule 55(b) providing for default judgment, however, this consideration alone is not dispositive. *See, e.g.*, *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). In this case, Defendants failed to appear and a decision on the merits is impracticable, if not impossible. As such, the preference to decide cases on the merits does not preclude entry of default judgment.

Weighing the *Eitel* factors in this case, entry of default judgment is warranted.

B.   Damages to be Awarded in Default Judgment

Plaintiff seeks statutory damages in the amount of $150,000, $50,000, or $40,000. *See* Docket No. 13 at 19.[3] The undersigned is not persuaded that any of these amounts of damages is warranted.

Statutory damages for copyright infringement are set at between $750 and $30,000 "as the court considers just." 17 U.S.C. § 504(c)(i). "The court has wide discretion in setting the amount of statutory damages under the Copyright Act." *Nintendo of Am. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994). The Court's discretion is designed to provide a damage amount that is just in the particular case, considering the damages suffered by the plaintiff, the nature of the copyright, and the circumstances of the infringement. *See, e.g.*, *F.W. Woolworth Co. v. Contemp.*

---

[3] The alternative amount is stated inconsistently. *See* Docket No. 13 at 19 (seeking alternative amount of $40,000); *id.* at 19 (seeking alternative amount of $50,000); *id.* at 25 (seeking alternative amount of $40,000); Docket No. 13-1 at ¶ 18 (seeking alternative amount of $50,000).

4

*Arts, Inc.*, 344 U.S. 228, 232 (1952). The statutory damages may increase up to $150,000 when willfulness has been shown. 17 U.S.C. § 504(c)(2). In cases involving willfulness, "courts typically award two to three times the license fees" as a means to compensate and provide deterrence. *Nat'l Photo Grp., LLC v. Pier Corp.*, No. SACV 13-1165-DOC (JPRx), 2014 WL 12576641, at *4 (C.D. Cal. Mar. 10, 2014) (collecting cases). "While a plaintiff in a . . . copyright infringement suit is entitled to damages that will serve as a deterrent, [he] is not entitled to a windfall." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014).

In this case, Plaintiff has filed a declaration attesting that a license fee for this photograph would be about $2,500 per year. *See* Docket No. 13-1 at ¶ 14. Plaintiff has also attested that the photograph has been displayed by Defendants for four years. *Id.* at ¶ 10. Hence, a license fee of about $10,000 appears to be reasonable.[4]

Moreover, Plaintiff sent two notices to Defendants regarding this infringement, albeit during the "difficult and trying time" of the pandemic when Defendants admittedly "may have

---

[4] Plaintiff indicates that a higher amount may be in order given the "scarcity" of the photograph. Docket No. 13 at 20-21. This argument fails for a variety of reasons. First, the motion for default judgment indicates that a licensing fee figure of $2,500 "does not take into contemplation the scarcity of the photograph." Docket No. 13 at 20. Such an assertion is contrary to the declaration itself, which attests that "[t]he typical range of fees [Plaintiff] receive[s] for licensing the right to make commercial use and display of one of [his] copyrighted photographs *similar in quality, uniqueness, and popularity* of the Copyrighted Works [sic] is $2,000 to $3,000." Docket No. 13-1 at ¶ 15 (emphasis added). Hence, the uniqueness of this particular work is already accounted for with a licensing fee of $2,500.

Second, courts allow scarcity multipliers in unusual circumstances, such as infringement of a photograph depicting stem cells in the 1990s when such images were "extremely valuable" since they were "rare," "unique," and "sought after" at the time. *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 385 (3d Cir. 2016). Courts look with skepticism on generalized assertions of scarcity that do not reflect truly unique circumstances. *See Reiffer v. Shearwater Pac. Capt. Mgmt. LLC*, No. 18-cv-06053-JSW-RMI, 2020 WL 7048307, at *7 (N.D. Cal. May 13, 2020) (rejecting request for multiplier because photograph was not "something groundbreaking"), *adopted*, 2020 WL 7050026 (N.D. Cal. June 22, 2020); *see also Crisman v. Masja Van Der Hoog*, No. 20-cv-02723-JD, 2021 WL 8445148, at *2 (N.D. Cal. Nov. 2, 2021) (declining to award multiplier given that "the photo is not especially rare or unique"). Unelaborated assertions that a copyrighted photograph is the result of significant skill, effort, and technology is not sufficient for a scarcity multiplier. *See Harrington v. Equity Asset & Prop. Mgmt., Inc.*, No. 3:18-cv-00216-GPC-NLS, 2020 WL 209134, at *8 (S.D. Cal. Jan. 14, 2020). A sufficient showing has not been made in this case to justify a scarcity multiplier. The motion represents that the photograph was the result of labor-intensive techniques, Docket No. 13 at 20, but the cited declaration does not provide any such attestation, *see* Docket No. 13-1. Moreover, Plaintiff declares that only a limited number of photographers have physical access to take photographs like the copyrighted work here, Docket No. 13-1 at ¶ 17, but such a bald assertion is not sufficient to justify a scarcity multiplier.

5

[had] more pressing concerns." Docket No. 1-3 at 1 (emphasis omitted). Plaintiff also has subsequently provided Defendants with notice of this lawsuit. Docket Nos. 7-8. Nonetheless, Defendants have not removed the photograph from the subject article on their website. *See* Docket No. 13-1 at ¶ 9. Plaintiff has also alleged in the complaint that the infringement is willful. Compl. at ¶ 32. On the other hand, the photograph was used in an article in 2017 regarding Kentucky Derby betting odds for that particular race. Docket No. 1-2. It is not clear that this article (and its display of Plaintiff's photograph) has been accessed with any frequency (or at all) by the public in the years since. Given the circumstances presented, a doubling of the licensing fee is warranted to account for willfulness.

Default judgment should be entered in an amount of $20,000 in statutory damages.

### C. Interest to be Awarded in Default Judgment

Plaintiff asks that the default judgment include an award of pre-judgment interest. Docket No. 13 at 22-23.[5]

Whether to award prejudgment interest is a discretionary decision that hinges on whether such an award would further the statute's purpose to discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004). "District courts have been reluctant to award prejudgment interest in cases where a plaintiff is awarded statutory rather than actual damages." *Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, No. 20-cv-03507-DMR, 2021 WL 4597080, at *7 (N.D. Cal. June 22, 2021), *adopted*, 2021 WL 4595128 (N.D. Cal. Oct. 6, 2021). Courts have also been reluctant to award prejudgment interest in cases where there is no evidence that the defendants' conduct contributed to the delay in suit or in the plaintiff's recovery, *see Brayton Purcell LLP v. Recordon & Recordon*, No. C-04-4995 EMC, 2007 WL 420122, at *10 (N.D. Cal. Feb. 6, 2007), or where the record reflects lack of diligence by the copyright holder

---

[5] Plaintiff asks that the default judgment include post-judgment interest. Docket No. 13 at 22-23. Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Plaintiff is entitled to post-judgment interest.

6

in prosecuting the action, *see Elohim EPF USA, Inc. v. Karaoke Phoenix, Inc.*, No. CV 17-00630 TJH (GJSx), 2019 WL 3781598, at *3 (C.D. Cal. Aug. 12, 2019).

Plaintiff does not provide meaningful explanation as to why an exercise of discretion is appropriate to award prejudgment interest in this case, instead merely noting that such interest may be awarded as a means to compensate a copyright holder for needless delay. *See* Docket No. 13 at 22. The circumstances do not justify such relief. The damages to be awarded in this case are statutory in nature and there has been no showing of dilatory conduct on the part of defendant. Moreover, the record shows that Plaintiff was sluggish in prosecuting this action. *See* Docket No. 11 (warning of dismissal for want of prosecution given eight months of inactivity since default was entered). Such circumstances do not lend themselves to an exercise of discretion to award prejudgment interest.

An award of prejudgment interest is not warranted.

### D.  Injunctive Relief to be Included in Default Judgment

Plaintiff seeks the entry of a permanent injunction barring Defendants from further infringement. Docket No. 13 at 23-24; *see also* Docket No. 13-3 at 2. The Court may grant a permanent injunction on such terms that are "reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must demonstrate that (1) he suffered irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) a remedy in equity is warranted considering the balance of hardships between the parties; and (4) the public interest would not be disserved by entry of a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also LHF*, 299 F. Supp. 3d at 1116 (applying test in copyright infringement context).

Plaintiff's request for injunctive relief is predicated on the assertion that irreparable injury is *presumed* in the copyright infringement context, Docket No. 13 at 24, an argument that is contrary to Supreme Court and Ninth Circuit law, *e.g.*, *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) ("our long-standing precedent finding a plaintiff entitled to a presumption of irreparable harm on a showing of likelihood of success on the merits in a copyright infringement case . . . has been effectively overruled. . . . Accordingly, we hold that

7

even in a copyright infringement case, the plaintiff must demonstrate a likelihood of irreparable harm as a prerequisite for injunctive relief, whether preliminary or permanent"). Moreover, the undersigned has recommended statutory damages that are designed to both compensate Plaintiff for the infringement <u>and to deter future infringement</u>, *see* Section III.B., so it would not appear that injunctive relief is necessary given that these damages are likely sufficient to deter future infringement, *cf. LHF*, 299 F. Supp. 3d at 1117.

Entry of a permanent injunction is not warranted.

### E. Attorneys' Fees to be Awarded in Default Judgment

Plaintiff asks that the default judgment include an award of $9,932.50 in attorneys' fees. *See* Docket No. 13 at 21, 25. A request for an award of attorneys' fees in the context of default judgment requires the filing of a motion that satisfies the extensive requirements outlined in Local Rule 54-14. *Hygenix, LLC v. Xie*, No. 2:21-cv-00957-JAD-EJY, 2022 WL 1094181, at *3 (D. Nev. Apr. 11, 2022). The brief discussion provided in the motion for default judgment and the attached exhibits fail to satisfy those requirements. The request for an award of fees is subject to denial without prejudice to the filing of a proper motion in compliance with the local rules.

### F. Costs to be Awarded in Default Judgment

Plaintiff asks that the default judgment include an award of $676.20 in costs. *See* Docket No. 13 at 21, 25. A party seeking to recover costs must file a bill of costs on the form provided by the clerk. Local Rule 54-1(a). Attaching a list of costs as an exhibit to a motion for default judgment is insufficient. *Hygenix*, 2022 WL 1094181, at *3; *see also Beckwith v. Pool*, No. 2:13-cv-00125-JCM-NJK, 2016 WL 4034781, at *2 n.4 (D. Nev. July 25, 2016). The request for an award of costs is subject to denial without prejudice to the filing of a proper bill of costs in compliance with the local rules.

## IV. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the motion for default judgment be **GRANTED** in part in that default judgment be entered in Plaintiff's favor for statutory damages of $20,000 with post-judgment interest, that the motion for default judgment be

8

**DENIED** with respect to the request for entry of a permanent injunction, and that the motion for default judgment be **DENIED** without prejudice as to attorneys' fees and costs.

Dated: January 11, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).