LIPSON NEILSON P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Phone: (702) 382-1500
Fax: (702) 382-1512
jgarin@lipsonneilson.com

*Attorneys for Respondents Jonah Grossbardt, Matthew Rollin,
Marc Randazza, Ronald Green, and Trey Rothell*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SCOTT SERIO, | Case No: 2:21-cv-01940-JAD-NJK |
| Plaintiff, | |
| vs. | **RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 16]** |
| PREGAME LLC, et al. | |
| Defendants. | |

Attorneys Marc J. Randazza, Ronald D. Green, and Trey A. Rothell of Randazza Legal Group, PLLC, ("RLG Attorneys") and Attorneys Jonah Grossbardt and Matthew Rollin of SRIPLaw, P.A. ("SRIPLaw Attorneys") file this Response to the Court's Order to Show Cause dated January 11, 2023 (ECF No. 16). SRIPLaw Attorneys have not engaged in the unauthorized practice of law before this Court, and RLG Attorneys have not aided the SRIPLaw Attorneys in the unauthorized practice of law. Accordingly, RLG Attorneys ask this Court to discharge its Order to Show Cause without referral to the State Bar of Nevada.

**1.0    Introduction**

Respondents approach this brief principally mindful of this Court's duty to protect the integrity of the judicial process and its interest in maintaining that integrity through its power to regulate the attorneys that appear before it. Respondents, as officers of their

LIPSON NEILSON P.C.

9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500    Facsimile: (702) 382-1512

respective courts, respect the Court's duty to ensure that the public is protected from unethical conduct, and they appreciate that engaging in the unauthorized practice of law, or aiding and abetting unauthorized practice, is a serious matter that requires close examination. Here, the Court will find that no improper conduct occurred.

Plaintiff is represented in this action by Nevada-licensed attorneys. No other attorneys have appeared before this Court, no other attorneys have signed or filed any papers or pleadings on Plaintiff's behalf. Moreover, out-of-state counsel was involved in this case in a supporting role and was at all times supervised and controlled by Plaintiff's Nevada-licensed counsel. Accordingly, no unauthorized practice of law occurred.

## 2.0    Factual Background

Scott Serio ("Serio") is a professional photographer who frequently has his copyrights infringed. *See* Declaration of Scott Serio ("Serio Decl."), **Exhibit 1,** at ¶ 6. Serio retained both SRIPLaw, P.A. ("SRIPLaw") and Randazza Legal Group ("RLG") for the purpose of filing a copyright infringement complaint in this particular matter. *See* Declaration of Jonah Grossbardt ("Grossbardt Decl."), **Exhibit 2**, at ¶ 12; Serio Decl at ¶¶ 2-3. SRIPLaw is a national intellectual property law firm that has represented Mr. Serio for almost three years in connection with copyright infringement cases. *See* Grossbardt Decl. at ¶¶ 3, 13; Serio Decl at ¶ 3. Serio understands that RLG Attorneys are responsible for the litigation and SRIPLaw is assisting RLG. Serio Decl at ¶ 2-4. Finally, Serio confirms that he has been fully aware of this litigation from the inception. *See* Serio Decl at ¶¶ 5-8.

Attorney Grossbardt is an experienced copyright attorney and a shareholder of SRIPLaw. *See* Grossbardt Decl. at ¶¶ 2, 16. Grossbardt is licensed to practice law in the states of California and New York, as well as in federal districts in those states and the United States Court of Appeals for the Ninth Circuit. *See id.* at ¶ 6. Attorney Rollin regularly practices copyright law as an associate attorney for SRIPLaw and is licensed to practice law in the State of California and the federal districts in California. *See*

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

Declaration of Matthew L. Rollin ("Rollin Decl."), **Exhibit 3**, at ¶¶ 2-4, 12. Owing to their federal copyright law experience within California, both Grossbardt and Rollin are familiar with copyright law under Ninth Circuit precedent. *See* Grossbardt Decl. at ¶ 16; Rollin Decl. at ¶ 12. Neither Grossbardt nor Rollin regularly practice law in the state or federal courts in Nevada. *See* Grossbardt Decl. at ¶ 8; Rollin Decl. at ¶ 6.

SRIPLaw does not employ any Nevada-licensed attorneys. *See* Grossbardt Decl. at ¶ 4. However, RLG has an office in Las Vegas and employs four Nevada-licensed attorneys: Marc J. Randazza, Ronald D. Green, Alex J. Shepard, and Trey A. Rothell. *See* Declaration of Marc J. Randazza ("Randazza Decl."), **Exhibit 4**, at ¶ 3. Grossbardt and Rollin assisted RLG with the case providing their institutional knowledge about the Plaintiff, as well as legal research and drafting assistance. *See* Grossbardt Decl. at ¶ 11. While Grossbardt and Rollin are not Nevada-licensed attorneys, they would be eligible for *pro hac vice* admission in the District of Nevada if they applied. *See* Grossbardt Decl. at ¶ 8; Rollin Decl. at ¶ 6.

When clients have claims in states where SRIPLaw attorneys are not admitted, SRIPLaw assists clients in finding local attorneys. *See* Grossbardt Decl. at ¶ 17. RLG was and acted as lead counsel, and personally reviewed, edited, and filed all documents in the case. *See id.* at ¶ 11; Declaration of Ronald D. Green ("Green Decl."), **Exhibit 5**, at ¶¶ 7-11, Declaration of Trey A. Rothell ("Rothell Decl."), **Exhibit 6**, at ¶¶ 4-8.

SRIPLaw provided a draft complaint to RLG based on a form used in their other copyright infringement matters for Mr. Serio. *See* Rollin Decl. at ¶ 9. SRIPLaw sent the draft complaint to RLG to be reviewed, edited, and filed on Serio's behalf only after RLG performed its due diligence. *See id.* at ¶ 10. Ronald D. Green, an experienced intellectual property attorney, reviewed and revised the complaint prior to filing to ensure that it was accurate, complete, and complied with the District of Nevada local rules. *See*

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

Green Decl. at ¶ 5. RLG filed the complaint, signed by Green, on October 20, 2021. *See* ECF No. 1.[1]

Defendants were served with process in the case on November 10, 2021. *See* ECF No. 7; ECF No. 8. After failing to respond to the Complaint in this action, SRIPLaw provided RLG with a request for default based on a template they have used in the past. Green reviewed and revised the request for entry of default and filed it on January 20, 2022. ECF No. 9. The request was granted on February 16, 2022. ECF No. 10.

SRIPLaw provided RLG with an initial draft of a motion for default judgment created from a template SRIPLaw used in the past. *See* Rollin Decl. at ¶ 9. SRIPLaw sent RLG the draft motion, and attorney Trey A. Rothell reviewed and revised the motion. *See* Rothell Decl. at ¶ 9. Rothell spent at least 4 hours revising the motion, made significant changes, and billed for that time. *See id.* Rothell checked each citation in the draft motion, contributed original research, and re-wrote large portions of the brief. *See id.* RLG filed the Motion for Default Judgment on November 10, 2022. *See* ECF No. 13.

On January 11, 2023, this Court entered its Order to Show Cause. *See* ECF No. 16. The Court issued its Report and Recommendation on Plaintiff's Motion for Default Judgment on January 11, 2023, recommending entry of a default judgment in the amount of $20,000. *See* ECF No. 17.

**3.0   Legal Analysis**

The facts set forth in the record and the accompanying declarations demonstrate that Nevada-licensed attorneys Green and Rothell maintained full control over this litigation at all times.[2] Out-of-state attorneys Grossbardt and Rollin did not engage in the

---

[1]   Marc J. Randazza appeared on the caption on behalf of Serio along with Green. His appearance was in case Green was ever unavailable, a senior attorney could step in to advise and mentor Attorney Rothell. Randazza billed no time to the case, and Green was the partner in charge of the case. Nevertheless, Randazza conversed with Attorney Rothell about the activity in the case, and Attorney Rothell kept Randazza abreast of the developments in the case.

[2]   As noted above, Randazza did not take a lead role in the case, but was available if attorney Green was unavailable for any reason and was updated on the issues in the case, in case he had anything substantive to add. Randazza's Declaration confirms that he was responsible for

LIPSON NEILSON P.C.

9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

**LIPSON NEILSON P.C.**
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

1  unauthorized practice of law in Nevada, and the lawyers of RLG did not aid or abet the

2  unlicensed practice in Nevada by Grossbardt and Rollin.

3       Grossbardt's and Rollin's limited involvement in this case satisfies the Ninth

4  Circuit's requirements for a party to receive an attorneys' fee award for time billed by a

5  non-appearing, out-of-state attorney. Significantly, Mr. Serio was fully aware roles of

6  each law firm and of how this case proceeded. Neither the Court, the public, nor any

7  party was harmed or prejudiced by the involvement of Grossbardt and Rollin in this

8  case. The relationship between SRIPLaw and RLG did not disserve the public interest;

9  in fact, permitting foreign counsel to assist Nevada counsel in the representation of

10 parties in Nevada cases serves the public's interest and facilitates access to justice that

11 might otherwise be unavailable to plaintiffs like Serio.

12 **3.1  SRIPLaw Attorneys Did Not Engage in the Unauthorized Practice of Law**

13      In Nevada, there is no bright-line rule determining what is and is not the practice

14 of law, and it must be determined on a case-by-case basis. *See In re Lerner*, 124 Nev.

15 1232, 1247, 197 P.3d 1067, 1078 (2008). The determination whether conduct

16 constitutes the practice of law is examined "in light of the 'touchstone' principle that the

17 practice of law includes activities calling for the exercise of trained judgment in applying

18 the general body of legal knowledge to the specific problem of a client and

19 recommending a course of action." *Id*. Beyond appearing before courts and signing

20 pleadings, the practice of law includes such actions as independently negotiating on

21 behalf of clients, rendering advice to clients, acting as an exclusive point of contact with

22 clients, and sending demand letters. *See id.* at 1241. "In determining what constitutes

23 the practice of law, the public interest should be of primary concern–both protection of

24 _____

25 the engagement and to carry out supervisory responsibility of other attorneys in his firm. He was
   aware of the file but had nothing to add and did not bill the file. Randazza made the decision to

26 take this case into the firm, and to staff it primarily with Attorney Rothell, because the claim was
   quite simple, and Attorney Rothell is a new attorney. Randazza intended that Rothell gain

27 experience before this Court and permitted Rothell a significant amount of responsibility on the
   matter – a responsibility he shouldered well. Permitting the SRIPLaw attorneys to simply use

28 him as an empty signature is not what happened and would be inconsistent with the ultimate
   mission here.

**LIPSON NEILSON P.C.**
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

the public from incompetent legal services and also ensuring that regulation of the practice of law is not so strict that the public good suffers." *Id.* at 1240.

Both the Nevada Rules of Professional Conduct and the ABA's Model Rules of Professional Conduct recognize that it is proper for attorneys not licensed in a jurisdiction to assist attorneys who are authorized by law to practice in that jurisdiction so long as the licensed attorney maintains responsibility for the representation. *See* Nev. R. Prof. Cond. 5.5(b);[3] ABA Model Rule 5.5(c);[4] *see also* ABA Model Rule 5.5, Comment 11.[5]

In this case, RLG Attorneys maintained full control over the litigation and signed all papers and pleadings. *See* Green Decl. at ¶ 9; Rothell Decl. at ¶ 6. SRIPLaw

---

[3]   Nev. R. Prof. Cond. 5.5(b) states:

Exceptions. A lawyer who is not admitted in this jurisdiction, but who is admitted and in good standing in another jurisdiction of the United States, does not engage in the unauthorized practice of law in this jurisdiction when: …

(5)   The lawyer is engaged in the occasional representation of a client **in association with a lawyer who is admitted in this jurisdiction and who has actual responsibility for the representation and actively participates in the representation,** provided that the out-of-state lawyer's representation of the client is not part of a regular or repetitive course of practice in this jurisdiction; …

(emphasis added).

[4]   ABA Model Rule 5.5(c) states:

A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that: …

(2)   are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, **or a person the lawyer is assisting,** is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized; …

(emphasis added).

[5]   Comment 11 to ABA Model Rule 5.5 states:

When a lawyer has been or reasonably expects to be admitted to appear before a court or administrative agency, paragraph (c)(2) also permits conduct by lawyers who are associated with that lawyer in the matter, but who do not expect to appear before the court or administrative agency. For example, **subordinate lawyers may conduct research, review documents, and attend meetings with witnesses in support of the lawyer responsible for the litigation.**

Attorneys did not provide legal advice to Plaintiff relating to this action, did not appear before this Court, and did not sign any papers or pleadings. *See* Grossbardt Decl. at ¶ 9; Rollin Decl. at ¶¶ 7, 11. The SRIPLaw attorneys maintain pleadings and papers developed over time representing Mr. Serio and other copyright owners in other matters, and they provided to RLG with suggested modifications for RLG's attorneys' consideration. This arrangement keeps costs down for clients, while permitting the Nevada attorneys of RLG to focus their attention on customization and the actual application of legal knowledge and research.

All the work the SRIPLaw attorneys performed in this case was done under the supervision of RLG attorneys, and the SRIPLaw attorneys' work was thoroughly vetted and edited by RLG prior to being filed with this Court. *See* Green Decl. at ¶ 11; Rothell Decl. at ¶ 8; Grossbardt Decl. at ¶ 11; Rollin Decl. at ¶ 10. Accordingly, and in light of the Nevada Supreme Court's guidance on the issue, SRIPLaw attorneys did not engage in the unauthorized practice of law, and RLG attorneys did not aid or abet in any such unauthorized practice of law.

In the Order to Show Cause (ECF No. 16 at 2), the Court takes issue with the use of the phrase "Primary Counsel" referring to attorneys at SRIPLaw in a declaration attached to Plaintiff's Motion for Default Judgment. This raised a red flag with the Court, and that is understandable. The term "Primary Counsel" was admittedly inartful and inaccurate under the circumstances.

As SRIPLaw attorney Grossbardt explains in his declarations, the term "Primary Counsel" was a scrivener's error in the declaration that was never corrected after its use in an earlier case. *See* Grossbardt Decl. at ¶¶ 14-15 The term "Primary Counsel" did not mean that SRIPLaw was the "primary counsel" in charge of this case pending in Nevada. The primary counsel in this case pending in Nevada is RLG and its attorneys. The term "Primary Counsel" in the form declaration provided by SRIPLaw to RLG referred to SRIPLaw's role as counsel to Serio in copyright infringement cases over the

(emphasis added).

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

past three years. Because SRIPLaw attorneys provide assistance to counsel appearing in courts in other cases where SRIPLaw attorneys are not admitted to practice, and because SRIPLaw attorneys are familiar with Serio and his copyrighted works, and because SRIPLaw attorneys have the resources to assist counsel in prosecuting Serio's infringement matters, the term "Primary Counsel" was used to refer to SRIPLaw.

SRIPLaw's relationship with Serio is akin to it acting as "general counsel" for Serio. SRIPLaw is, in a colloquial sense, Serio's "primary counsel." However, SRIPLaw is not Serio's primary or lead counsel in this case. Rather, throughout this entire case, RLG Attorneys independently made all litigation decisions, signed all pleadings, and thoroughly reviewed and edited all documents filed with this Court. *See* Green Decl. at ¶ 9; Rothell Decl. at ¶ 7. The use of the phrase "Primary Counsel" was not meant to suggest or indicate SRIPLaw's attorneys were engaged in unauthorized practice of law before this Court.

The Nevada Supreme Court analyzed these issues in *In re Lerner*. There, an Arizona-licensed attorney was employed by the Nevada-licensed attorney and worked in the Nevada attorney's Las Vegas office. *Lerner*, 124 Nev. at 1235. The Arizona attorney *held himself out to clients and opposing parties as an attorney*, conducted *independent* settlement negotiations, and *drafted and transmitted demand letters* on behalf of Nevada clients, although he claimed to be doing so as a law clerk. *See id*. The Court held that the Arizona attorney's actions, particularly as it relates to conducting consultations and negotiating the clients' claims, amounted to the unauthorized practice of law, and disciplined the Nevada attorney with a public reprimand as a result. *See id*. at 1241, 1247. Further, the Court found that because the Arizona attorney worked out of an office in Las Vegas on behalf of Nevada clients, that the Arizona attorney did not fall under the "occasional basis" exception under Nev. R. Prof. Cond. 5.5(b). *See id*. at 1245-46.

In this case, all litigation was handled solely by Nevada licensed attorneys. SRIPLaw's attorneys did not negotiate on plaintiff's behalf, did not hold themselves out

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

to others as plaintiff's attorneys in this matter, and did not render legal advice to the Plaintiff. All the work performed by SRIPLaw related to tasks that SRIPLaw could manage more efficiently because of its general and ongoing relationship with the client, who (importantly) does not reside in Nevada and does not regularly do business in Nevada. *See* Serio Decl. at ¶ 3. SRIPLaw attorneys spoke to their non-Nevada client, contacted Nevada counsel to handle the case after determining that Nevada was the appropriate venue for the matter, and did not engage in a "regular or repetitive course of business" in Nevada. *See* Grossbardt Decl. at ¶¶ 8, 17; Rollin Decl. at ¶ 6.

This case is distinguishable from the *Gutierrez v. Berryhill* matter cited by the Court in its Order to Show Cause. In that case, a Nevada attorney filed a complaint and then failed to continue working on the case. *See Gutierrez v. Berryhill*, No. 2:18-cv-02068-RFB-NJK, Docket No. 27 (D. Nev. Feb. 19, 2019); Letter of Reprimand, Case No. OBC19-0259, attached as **Exhibit 7**. The Nevada attorney was reprimanded because he "failed to supervise other lawyers working on the case," "allowed a California attorney to do work on the matter and failed to supervise his activity," allowed the "California attorney [to] communicate[] with opposing counsel about the matter" without the Nevada attorney's involvement, and "allowed the California attorney to prepare filings and file them on [his] behalf without [his] review." *See id*. Essentially, the Nevada attorney in *that* case simply lent his signature to the out of state counsel but did not participate in the matter as a responsible attorney.

*Gutierrez* is not this case. RLG attorneys never permitted SRIPLaw attorneys to work on this case in any capacity unsupervised. At all times, RLG's Nevada attorneys supervised SRIPLaw's California attorneys' participation in this case. RLG attorneys did not allow the SRIPLaw California attorneys to draft and file papers in this case without review. RLG's Nevada attorneys scrutinized, reviewed, and edited all work product prepared by the SRIPLaw attorneys prior to filing and spent hours doing so. There was no communication with opposing counsel by the SRIPLaw attorneys. Accordingly, any reliance on *Gutierrez v. Berryhill* would be misplaced.

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

Finally, filed with this Response is a Declaration from Rob Bare (**Exhibit 8**) who, between January 2011 and January 2021, served as Judge in the Eighth Judicial District Court, Clark County, NV, Department 32.   Before that, from August 1993 to January 2011, he served as Bar Counsel for the State Bar of Nevada.   Beginning in 1995, he was Chief Attorney for the State Bar of Nevada and was responsible for prosecution of all aspects of the attorney professional discipline process in Nevada. The *In re Lerner* case was prosecuted by his office.

Judge Bare was asked to review the Court's Order to Show Cause, the underlying facts, and to advise if he could provide a supporting opinion in favor of Respondents. He was provided copies of pleadings and he interviewed Mr. Randazza, Mr. Green, and Mr. Rothell about this matter. He was then engaged to prepare his Declaration filed herewith. His opinion is "I do not believe that out-of-state-counsel engaged in any unauthorized practice of law and, as a result, Nevada counsel did not aid and abet in the unauthorized practice of law." Bare Decl. ¶¶ 5. He repeats this conclusion in paragraphs 18 and 23. *See Id.* ¶¶ 18, 23.

For the reasons presented, under Nevada law, SRIPLaw attorneys did not engage in the unauthorized practice of law and RLG's Nevada attorneys did not aid or abet it. Respondents respectfully request that this Court discharge its Order to Show Cause.

### 3.2 SRIPLaw Attorneys' Fees Are Properly Compensable

While this is not a fee motion, the issue whether SRIPLaw's fees are properly compensable should inform the Court's analysis because fees incurred when practicing law without a license are not compensable. But, if fees are properly awardable, then the unauthorized practice of law could not have occurred.

The Ninth Circuit law[6] on this subject provides that SRIPLaw's attorneys' time assisting RLG is compensable in a fee motion. *See, e.g., Winterrowd v. Am. Gen.*

---

[6]   In the matters concerning alleged violation of disciplinary rules, federal law applies before the federal courts. *See In re Poole*, 222 F.3d 618, 622 (9th Cir. 2000) ("As we have discussed, and as nearly a century of Supreme Court precedent makes clear, practice before

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

1  *Annuity Ins. Co.*, 556 F.3d 815, 825 (9th Cir. 2009); *Hanrahan v. Statewide Collection,*

2  *Inc.*, No. 21-16187, 2022 U.S. App. LEXIS 24773, at *3 (9th Cir. Sep. 1, 2022)

3  (unpublished decision) ("Attorneys who have not applied to appear *pro hac vice* may

4  recover fees in two circumstances: (1) if the attorney at issue would have certainly been

5  permitted to appear pro hac vice as a matter of course had he or she applied; or (2) if

6  the work of the attorney did not rise to the level of appearing before the district court.")

7  (cleaned up).

8      In *Winterrowd*, the Ninth Circuit reviewed a district court's order denying an

9  award of fees as to time billed in the case by an out-of-state attorney who did not apply

10  for *pro hac vice* admission. 556 F.3d at 818-19. The Court reversed the district court's

11  order and held that awarding his fees were proper. *See id.* at 828. In reaching that

12  conclusion, the Court weighed several factors: the out-of-state attorney did not

13  physically appear before the district court; the out-of-state attorney did not sign

14  pleadings in the case; the out-of-state attorney had minimal, nonexclusive contact with

15  the parties; the counsel appearing in the action remained primarily responsible for the

16  representation of plaintiffs; and the out-of-state attorney did not render legal services

17  directly to the plaintiffs. *See id.* at 825. The Ninth Circuit analogized the out-of-state

18  attorney's appearance to that of "litigation support." The Court noted that courts

19  regularly "permit fee recovery for the work of paralegals, database managers, legal

20  support, summer associates, and even attorneys who have yet to pass the bar." *See id.*

21  at 823 (quoting *Nat'l Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152 (9th Cir. 2008)).

22      Here, as in *Winterrowd*, SRIPLaw's attorneys never physically appeared in

23  district court, never signed pleadings, and never rendered legal services directly to

24  plaintiff in this case. Meanwhile, RLG's Nevada attorneys were primarily responsible for

25  the representation of plaintiff. When RLG's attorneys needed litigation support for the

26   

27  federal courts is not governed by state court rules. … Although state disciplinary proceedings are accorded 'high respect' in federal court, they are not 'conclusively binding.'") (quoting *Theard v.*

28  *United States*, 354 U.S. 278, 282 (1957)); *see also Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 820 (9th Cir. 2009).

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

1    default judgment motion, SRIPLaw transmitted a copy of a declaration to the client to

2    confirm that all the facts in it were true. This sort of litigation support activity would have

3    been proper for a paralegal or legal secretary to perform, and would be compensable

4    under *Winterrowd*.

5        Following *Winterrowd*, the Ninth Circuit decided *Hanrahan v. Statewide*

6    *Collection, Inc.*, No. 21-16187, 2022 U.S. App. LEXIS 24773 (9th Cir. Sep. 1, 2022)

7    (unpublished decision). In *Hanrahan*, the Ninth Circuit considered whether work

8    performed by attorneys on a case prior to the attorneys' admission *pro hac vice* was

9    compensable. The Court determined that as long as the attorneys did not appear before

10   the district court, and as long as they would have otherwise been eligible for admission

11   *pro hac vice*, their time was compensable. *See id.* at *3. The Court's opinion did not

12   specifically touch on whether the attorneys conduct, prior to their *pro hac vice*

13   admission, was the unauthorized practice of law, but it logically follows that the Court

14   would not ratify such conduct with an award of fees if it was unethical.

15       This rule is not unique to the Ninth Circuit, either. In *Bd. of Trs. v. ILA Local 1740,*

16   *AFL-CIO*, No. 18-1598 (SCC), 2022 U.S. Dist. LEXIS 179791 (D.P.R. Sep. 30, 2022),

17   the District of Puerto Rico addressed a requested fee award for the work of both

18   attorneys that were admitted *pro hac vice* and attorneys that were not admitted to

19   practice before that court at all. *See id.* at *13. There, the court awarded fees for both

20   categories of attorneys, finding that fees for attorneys who "had their litigation-support

21   work filtered through [admitted attorneys]" were properly recoverable. *See id.* at *14. In

22   that case, the opposing party contended that the work those non-admitted attorneys

23   performed in relation to the case amounted to the unauthorized practice of law, and the

24   court specifically found that position to be a "meritless accusation." *See id.* at *13. Here,

25   all work by SRIPLaw attorneys in relation to this case was merely "litigation-support work

26   filtered through" RLG's representation.

27       Other courts have likewise adopted similar standards. *See, e.g., Caplan v.*

28   *Premium Receivables LLC*, No. 2:15-cv-474, 2015 U.S. Dist. LEXIS 98843, at *11 (W.D.

Pa. July 29, 2015); *Cobb v. Enhanced Recovery Co., LLC*, No. 3:17-CV-1629 (VLB), 2020 U.S. Dist. LEXIS 41097, at *46 (D. Conn. Mar. 10, 2020) (citing *Spanos v. Skouras*, 364 F.2d 161, 168 (2d Cir. 1966)); *Dietrich Corp. v. King Res. Co.*, 596 F.2d 422, 426 (10th Cir. 1979); *Priestley v. Astrue*, 651 F.3d 410, 418 (4th Cir. 2011); *Moore v. Midland Credit Mgmt.*, No. 3:12-CV-166-TLS, 2012 U.S. Dist. LEXIS 176600, at *29 (N.D. Ind. Dec. 12, 2012).

Here, the SRIPLaw attorneys' assistance with litigation without their appearance *pro hac vice* is proper, and their time would otherwise be compensable, so therefore it could not be the unauthorized practice of law.

### 3.2.1 SRIPLaw Attorneys Are Eligible for Pro Hac Vice Admission

First, the SRIPLaw Attorneys are eligible for admission *pro hac vice* in this Court. The District of Nevada rules set the following criteria for an attorney to be admitted *pro hac vice*:

(1)  The attorney is not a member of the State Bar of Nevada;

(2)  The attorney is not a resident of the State of Nevada;

(3)  The attorney is not regularly employed in the State of Nevada;

(4)  The attorney is a member in good standing and eligible to practice before the bar of another jurisdiction of the United States; and

(5)  The attorney associates an active member in good standing of the State Bar of Nevada as attorney of record in the action or proceeding.

LR IA 11-2(a). Under those rules, both Grossbardt and Rollin could be admitted.

Grossbardt is not a member of the State Bar of Nevada. *See* Grossbardt Decl. at ¶ 8. Grossbardt is not a resident of the State of Nevada. *See id.* at ¶ 10. Grossbardt is not regularly employed in the State of Nevada. *See id.* Grossbardt is a member in good standing and eligible to practice law before the bar of the States of New York and California, the United States Supreme Court, United States Court of Appeals – 9th Circuit, the United States District Court – Central District of California, the United States

LIPSON NEILSON P.C.

9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144

Telephone: (702) 382-1500   Facsimile: (702) 382-1512

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LIPSON NEILSON P.C.**
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

District Court – Southern District of California, the United States District Court – Northern District of California, the United States District Court – Eastern District of California, the United States District Court – District of Colorado, the United States District Court – Eastern District of New York, the United States District Court – Southern District of New York and the United States District Court – Southern District of Texas. *See id.* at ¶ 6. Grossbardt is associated with three active members in good standing of the State Bar of Nevada – those appearing in this action.

Likewise, Rollin is not a member of the State Bar of Nevada. *See* Rollin Decl. at ¶ 6. Rollin is not a resident of the State of Nevada. *See id.* Rollin is not regularly employed in the State of Nevada. *See id.* Rollin is a member in good standing and eligible to practice law before the bar of the State of California, the United States Court of Appeals – 9th Circuit; United States District Courts: Central District of California; Southern District of California; Northern District of California; Eastern District of California; and District of Colorado. *See id.* at ¶ 4. Rollin is associated with three active members in good standing of the State Bar of Nevada – those appearing in this action.

The Court's rules state that "repeated appearances by any attorney under this rule will be cause for denial of the attorney's [pro hac vice application]." LR IA 11-2(f). The rule defines "repeated appearances" as a more than five appearances in a three-year period. *See id.* Neither Grossbardt nor Rollin have appeared more than five times in this Court in the past three years. *See* Grossbardt Decl. at ¶ 8; Rollin Decl. at ¶ 6.

Accordingly, there is no impediment to the *pro hac vice* admission of Grossbardt or Rollin in this case.

### 3.2.2  The Other *Winterrowd* Factors Support a Fee Award, and therefore no Unauthorized Practice of Law Occurred

Beyond their eligibility for *pro hac vice* admission, the plaintiff would be eligible for an award of the fees and costs incurred by the SRIPLaw attorneys following the *Winterrowd* factors. First, neither Grossbardt nor Rollin physically appeared before this court. *See* Grossbardt Decl. at ¶ 9; Rollin Decl. at ¶ 7. In fact, due to the brevity of this

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

1  case owing to the default by defendants, no hearing was held by the Court in this matter

2  and no attorney for either party physically appeared.

3      Further, only RLG attorneys signed pleadings and papers in this case. *See*

4  Complaint, ECF No. 1 (signed by Green); Certificate of Interested Parties, ECF No. 2

5  (signed by Green); Motion for Entry of Clerk's Default, ECF No. 9 (signed by Green);

6  Notice of Appearance, ECF No. 12 (signed by Rothell); Motion for Default Judgment,

7  ECF No. 13 (signed by Rothell); Notice of Change of Address, ECF No. 14 (signed by

8  Rothell); *and see* Certificate of Service, ECF No. 18 (signed by Rothell).

9      SRIPLaw attorneys had minimal contact with plaintiff for client intake, analysis to

10 determine proper venue, and to transmit a draft declaration to Serio in support of default

11 judgment. *See* Grossbardt Decl. at ¶ 18; Rollin Decl. at ¶ 11. SRIPLaw Attorneys did not

12 render Nevada legal services directly (nor even indirectly) to Plaintiff. *See* Grossbardt

13 Decl. at ¶ 9; Rollin Decl. at ¶ 11. At all times, RLG attorneys remained responsible for

14 this case. *See* Green Decl. at ¶ 9; Rothell Decl. at ¶ 6.

15     Accordingly, in light of the SRIPLaw attorneys' eligibility for *pro hac vice*

16 admission, and following the other *Winterrowd* factors, SRIPLaw attorneys' conduct in

17 association with this case fits Ninth Circuit law on the compensability of fees, and thus

18 does not amount to the unauthorized practice of law.

19 **3.3   Nevada Supreme Court Policy Was Not Offended by SRIPLaw**

20 **Attorneys' Role, but Rather, SRIPLaw's Involvement is Consistent**

21 **with Nevada Supreme Court Policy and Goals.**

22     In *Pioneer Title Ins. & Tr. Co. v. State Bar*, the Nevada Supreme Court identified

23 the central principle behind regulating attorneys as a means to protecting the public

24 interest as providing the public with security in their choice of legal counsel, particularly

25 in matters that affect their legal rights, and giving the public "assurance of competence

26 and integrity." *Pioneer Title Ins. & Tr. Co. v. State Bar*, 74 Nev. 186, 189-90 (1958).

27 Relying on this principle, the Nevada Supreme Court later wrote that "[i]n determining

28 what constitutes the practice of law, the public interest should be of primary concern–

1   both protection of the public from incompetent legal services and also ensuring that

2   regulation of the practice of law is not so strict that the public good suffers." *In re Lerner*,

3   124 Nev. 1232, 1240 (2008). Both prongs of the public interest factor are at issue here,

4   and both are satisfied.

5       First, at all times there was competent Nevada counsel at RLG actively working

6   the case. It would have been proper for SRIPLaw attorneys Grossbardt and Rollin to

7   seek *pro hac vice* admission, but prior to the defendant's appearance filing for

8   admission *pro hac vice* would have imposed unnecessary burdens of attorney time and

9   expense on the plaintiff. Since in copyright cases the Court has discretion to award the

10  prevailing party a reasonable fee as part of the costs, see 17 U.S.C. § 505, seeking

11  admission unnecessarily would have multiplied the expenses being taxed on the

12  defendant. To require immediate *pro hac vice* admission, rather than admission once

13  the case ripens into an actively contested matter, would frustrate the Nevada Supreme

14  Court's instruction that the "regulation of the practice of law is not so strict that the public

15  good suffers." *Id.*

16      Considering that the rules governing the unauthorized practice of law should be

17  construed with the protection of the public in mind, since there was no harm to the

18  public here discipline is not warranted. This is not a case where Nevada counsel simply

19  abdicated their duties to unadmitted, out-of-state counsel and let those attorneys control

20  the case.[7] In this case, RLG attorneys retained full control over this case, made final

21  decisions regarding actions to take in the litigation, and reviewed and signed all

22  pleadings and papers.

23      Still, if the Court might expect attorneys who are providing a tangentially

24  supportive role in out-of-state litigation to apply for *pro hac vice* admission, it is worth

25  considering that allowing local counsel to proceed in control of an uncontested lawsuit

26  benefits the cause of access to justice. Taking this case as an example, counsel for

27

28      [7]   In such a scenario, it is conceivable that unfamiliarity with the Court's local rules, or with binding state or federal law, could cause harm to a client, and thus the public. *See generally In re Lerner*, 124 Nev. 1232, 1247, 197 P.3d 1067, 1078 (2008).

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

1   Plaintiff filed a complaint and a motion for default judgment in this case. Liability for

2   infringement is clear, and costs are taxable against the Defendants. Seeking *pro hac*

3   *vice* admission would increase costs to Plaintiff in the short term, requiring him to fund

4   his out-of-state attorneys' application fees, and given the relatively small amount this

5   case was worth, would discourage Serio and from even pursuing viable claims.  The

6   increase in costs, prematurely, raises the access to justice bar – something the Bar

7   itself actively seeks to bring down.

8       Further, such overly strict interpretation of the *pro hac vice* requirements would

9   not just raise costs for the Plaintiff, but even to Defendants in the long term, when

10  Plaintiff seeks to recover those fees from them. It would additionally require the time

11  and resources from Plaintiffs' counsel, which is likewise compensable, and from the

12  Court. The Federal Rules of Civil Procedure require that they be "construed,

13  administered, and employed by the court and the parties to secure the just, speedy, and

14  inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Had there

15  been a true need for admission, that is one thing. However, adding more motion

16  practice, fees, and costs to a small client would frustrate the goals of the Rules' number

17  one rule.

18      Here, seeking unnecessary *pro hac vice* admission for the SRIPLaw Attorneys as

19  consulting counsel would have the effect of introducing added delay and cost to a case

20  that would not otherwise require it. And, it would have the effect of adding out-of-pocket

21  costs to plaintiffs that may not be able to afford those costs, and thus the litigation,

22  otherwise. Litigation is already expensive enough and for many people their rights may

23  not be vindicated because they cannot afford it. In this way, preventing out-of-state

24  counsel from assisting in matters without appearing or rendering advice would create

25  such a situation where regulating the practice of law is "so strict that the public good

26  suffers." *Lerner*, 124 Nev. at 1240.

27  ///

28  ///

**LIPSON NEILSON P.C.**
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

**3.4    Even If SRIPLaw Attorneys Had Offered Advice or Assumed a Greater Role in this Case, That Would Not Have Constituted the Unauthorized Practice of Law**

As previously discussed, SRIPLaw attorneys did not offer advice to Plaintiff in this case, and did not take an active role in this litigation. However, even if they had done so, that could not have been considered engaging in the unauthorized practice of law and would otherwise have been permitted. The Constitution provides Congress with the authority to pass laws "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const., Art. I, Sec. 8, Cl. 8. Copyright law is exclusively federal; the Copyright Act explicitly preempts any state law on the subject matter of copyright. *See* 17 U.S.C. § 301(a); *Montz v. Pilgrim Films & TV, Inc.*, 649 F.3d 975, 979 (9th Cir. 2011). Copyright law is federal law throughout the country. To the extent that interpretations of copyright law vary at all, it does so on a circuit-by-circuit basis.

SRIPLaw attorneys Grossbardt and Rollin are licensed to practice law in numerous federal districts where they frequently practice copyright law, and both are admitted to the Ninth Circuit. *See* Grossbardt Decl. at ¶ 6; Rollin Decl. at ¶ 4; *see also, e.g., APL Microscopic, LLC v. Steenblock*, No. 21-55745 (9th Cir., filed Jul. 15, 2021) (Grossbardt and Rollin as counsel of record); *Stockfood America, Inc. v. Sequoia Wholesale Florist, Inc.*, No. 3:20-cv-03507-JD (N.D. Cal., filed May 23, 2020) (same); *Dressler v. Elserafy Engineering Int'l Inc.*, No. 2:21-cv-03454-ODW-AGR (C.D. Cal., filed Apr. 22, 2021); *Ermert v. RV Rental Connection, Inc.*, No. 2:20-cv-00268-KJM-JDP (E.D. Cal., filed Feb. 5, 2020) (same); *Matsumoto v. Mahanakorn Inc.*, No. 3:22-cv-01781-BAS-DEB (S.D. Cal., filed Nov. 10, 2022) (same).

Grossbardt and Rollin possess experience that serves their clients when they assist other counsel in a limited capacity in cases where they have not otherwise sought *pro hac vice* admission. Because the state law of Nevada is preempted on copyright

issues, SRIPLaw attorneys are capable of advising clients like plaintiff concerning their potential or actual copyright infringement claims. Sharing that experience with clients should be encouraged, not discouraged.

**4.0    Conclusion**

At all times, RLG Attorneys maintained exclusive control over this litigation. SRIPLaw Attorneys did not engage in the unauthorized practice of law, and it follows that RLG Attorneys did not aid them in doing so. RLG attorneys actively controlled everything being filed here, and put significant time and effort into customizing every form provided to ensure that it comported with local rules and their own independent judgment of what should be in them. Accordingly, Respondents ask that this Court to discharge its Order to Show Cause without referral to the Nevada State Bar. In fact, such a result will not only adhere to the Nevada Supreme Court's philosophy on out of state attorneys working with Nevada attorneys, but will further the goals set forth in Fed. R. Civ. P. 1, and will contribute to the cause of providing more affordable access to justice.

DATED this 25th day of January, 2023.

LIPSON NEILSON P.C.

By: _____
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144

*Attorneys for Respondents Jonah Grossbardt, Matthew Rollin, Marc Randazza, Ronald Green, and Trey Rothell*

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that I am an employee of LIPSON NEILSON P.C. and on the 25th day of January, 2023, I true and correct copy of the foregoing **RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 16]** was filed and served upon all counsel of record and parties utilizing the Court's E-File/ServeNV filing system.

*/s/ Michele Stones*
An Employee of LIPSON NEILSON P.C.

**INDEX OF EXHIBITS**

**RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 16]**

**Case No: 2:21-cv-01940-JAD-NJK**

| Exhibit | Description |
|---------|-------------|
| 1 | Declaration of Scott Serio |
| 2 | Declaration of Jonah Grossbardt |
| 3 | Declaration of Matthew Rollin |
| 4 | Declaration of Marc Randazza |
| 5 | Declaration of Ronald Green |
| 6 | Declaration of Trey Rothell |
| 7 | Letter of Reprimand – OBC19-0259 |
| 8 | Declaration of Rob Bare |

**LIPSON NEILSON P.C.**
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512