# EXHIBIT 8

# Declaration of Rob Bare

**DECLARATION OF ROB BARE, ESQ., IN SUPPORT OF RANDAZZA LEGAL GROUP, LLC'S RESPONSE TO ORDER TO SHOW CAUSE**

Rob Bare, being duly sworn, declares as follows:

1.      I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true.  I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2.      I am a Nevada licensed attorney and am the principal of the Law Office of Rob Bare, PLLC.

3.      I have been asked to provide an opinion as to whether Jonah Grossbardt, Esq. ("Mr. Grossbardt"),[1] and Matthew Rollin, Esq. ("Mr. Rollin")[2] (Mr. Grossbardt and Mr. Rollin are collectively defined as "out-of-state counsel"), engaged in the unauthorized practice of law[3] in Nevada and, if so, whether Nevada attorneys Marc Randazza, Esq. ("Mr. Randazza"), Ronald Green, Esq. ("Mr. Green"), and Trey Rothell. Esq. ("Mr. Rothell") (Mr. Randazza, Mr. Green and Mr. Rothell are collectively defined as "Nevada counsel") aided in the unauthorized practice of law by either Mr. Grossbardt and/or Mr. Rollin.

4.      In preparing this opinion, I reviewed the pleadings in Scott Serio v. Pregame, LLC, and Randall James Busack, Case No. 2:21-cv-01940-JAD-NJK in the United States District Court for the District of Nevada.  I also spoke with Mr. Randazza, Mr. Green and Mr. Rothell via telephone conference regarding this matter.

---

[1] Mr. Grossbardt is a partner at SRIP Law and appears to be licensed to practice law in New York and California.  See https://www.sriplaw.com/about-us/jonah-a-grossbart/

[2] Mr. Rollin is an associate at SRIP Law and appears to be licensed to practice law in California. See https://www.sriplaw.com/about-us/matthew-laurence-rollin/

[3] The United States District Court Rules apply Nevada's Rules of Professional Conduct ("RPC"). In this regard, RPC 5.5 (Unauthorized Practice of Law) would apply in this instance.

5.      In short, given the facts and circumstances presented to me, I do not believe that out-of-state-counsel engaged in any unauthorized practice of law and, as a result, Nevada counsel did not aid and abet in the unauthorized practice of law.  In doing so, I note that this matter is factually distinguishable from Arizona attorney Kevin Rowe's ("Mr. Rowe") conduct in *In re Discipline of Lerner*, 197 P.3d 1067 (Nev. 2008)[4] and Cyrus Safa, Esq.'s ("Mr. Safa") conduct in *Greg Gutierrez v. Nancy Berryhill*, Case No. 2:18-cv-02068-RFB-NJK in the United States District Court for the District of Nevada.

6.      My qualifications to render these opinions, as well as a list of all cases in which I have provided expert services, are contained in my Curriculum Vitae, attached to this letter as **Exhibit 1**.

7.      This Court's concerns appear to be expressed in the following:

> The record in this case reveals that "Plaintiff's Primary Counsel[]" are out-of-state attorneys who have not appeared as counsel of record in this matter. Docket No. 13-2 at ¶ 7. These attorneys work for the law firm of SR IP Law in Florida, and appear to have engaged in the bulk of legal activity in litigating this case. *See* Docket No. 13-2 (billing records). These attorneys do not appear to be licensed to practice law in the state of Nevada, *see White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (courts may take judicial notice of state bar records), and they did not apply to appear pro hac vice in this action.

(Order to Show Cause (ECF No. 16) at 2:1-7).

8.      My understanding is that the plaintiff in this matter, Scott Serio ("Mr. Serio") retained both SRIP Law ("SRIP") and Randazza Legal Group ("RLG") for the purpose of filing a copyright infringement complaint.  SRIP does not have any Nevada-licensed attorneys.  RLG has an office in Las Vegas and employs the Nevada counsel.  Mr. Grossbardt and Mr. Rollin ("Rollin") assisted RLG with the case.  Although neither out-of-state counsel are licensed in Nevada, my

---

[4] As noted in my Curriculum Vitae, I was Bar Counsel for the State Bar of Nevada when the *Lerner* decision was issued.

understanding is that both are in good standing in their respective jurisdictions and would be eligible for pro hac vice admission in the District of Nevada if they applied.

      9.     RPC 5.5(b)(5) states that:

> A lawyer who is not admitted in this jurisdiction, but who is admitted and in good standing in another jurisdiction of the United States, does not engage in the unauthorized practice of law in this jurisdiction when: . . . (5) <u>The lawyer is engaged in the occasional representation of a client in association with a lawyer who is admitted in this jurisdiction and who has actual responsibility for the representation and actively participates in the representation</u>, provided that the out-of-state lawyer's representation of the client is not part of a regular or repetitive course of practice in this jurisdiction[.]

(Emphasis added.)

      10.    Further, RPC 5.5(b)(6) notes that it is not the unauthorized practice of law for an out-of-state lawyer to be "representing a client, on an occasional basis and not as part of a regular or repetitive course of practice in this jurisdiction, in areas governed primarily by <u>federal law</u>, international law, or the law of a foreign nation[.]" (Emphasis added.)

      11.    As such, based upon RPC 5.5(b)(5) and RPC 5.5(b)(6), the fact that out-of-state counsel assisted Nevada counsel in regard to Serio's federal copyright matter does not constitute the unauthorized practice of law.  Further, as explained below, preparing documents for a Nevada lawyer's review and signature does not constitute the practice of law.

      12.    In this regard, SRIP prepared a draft Complaint based upon a form the firm uses in its ordinary copyright infringement matters. SRIP then sent the draft complaint to RLG to be reviewed and filed on Serio's behalf.  Mr. Green from RLG reviewed and revised the draft Complaint prior to filing to ensure that it was accurate, complete, and that it complied with the District of Nevada local rules. RLG filed the complaint, signed by Green, on October 20, 2021. *See* ECF No. 1.

      13.    As such, the pleading itself was reviewed and signed by a Nevada-licensed attorney who took responsibility for its contents.  This is not a case of ghost-writing, where an attorney drafts pleadings for a pro se party without informing the court, thereby circumventing court rules,

including Rule 11.[5]  If the complaint had been drafted by a law clerk, or even a paralegal, as long as a Nevada lawyer reviewed, signed and took responsibility for the pleading, the Nevada lawyer is not the aiding and abetting in the unauthorized practice of law.

14.     After the Complaint was filed, the Defendants were served with process in the case on November 10, 2021.  *See* ECF No. 7; ECF No. 8.  The Defendants failed to respond to the complaint, and SRIP prepared a request for default based upon the ordinary template they use for those matters. Mr. Green reviewed and revised the request for Entry of Default and filed it on January 20, 2022. *See* ECF No. 9. For the reasons noted above, this also does not constitute either the unauthorized practice of law or the aiding and abetting of the same.

15.     The Default request was granted on February 16, 2022.  *See* ECF No. 10.  After the default was granted, SRIP completed the initial draft of the Motion for Default Judgment.  SRIP sent RLG a copy of the draft motion, and Mr. Rothell reviewed and revised the motion.  Notably, Mr. Rothell billed at least 4 hours doing so. *See Declaration of Trey A. Rothell in Support of Plaintiff's Motion for Default Judgment* (ECF No. 13-2), Exhibit 2, at 2.   Mr. Rothell indicated that he checked each and every citation in the motion, contributed original research, and re-wrote large portions of the brief. RLG thereafter filed the Motion for Default Judgment on November 10, 2022.  Again, for the reasons noted above, this also does not constitute either the unauthorized practice of law or the aiding and abetting of the same.

16.     Here, despite SRIP's background role given the Default status of the case,[6] Mr. Rothell referred to SRIP as "Plaintiff's Primary Counsel."  Mr. Rothell has acknowledged to the undersigned that this phrasing was a mistake, as it incorrectly describes SRIP's role (given that the

---

[5] *See* State Bar of Nevada, Standing Committee on Ethics and Professional Responsibility, Formal Opinion 34 (revised on June 24, 2009), available at:  https://www.nvbar.org/wp-content/uploads/opinion_34.pdf

[6] My understanding is that SRIP serves as Serio's general counsel in protecting his copyright interests.

matter was not contested). [7] While RLG was ready to serve as local counsel if needed, SRIP typically has local counsel lead the case unless and until the case is contested in the interest of judicial economy and preserving the client's resources.  In other words, the potential local counsel is the sole counsel if, as was the case here, the matter is uncontested.[8]

17.     Here, neither Defendant appeared, so there was no need for the SRIP attorneys to appear. Instead, RLG acted as lead and sole counsel, and the firm's attorneys personally reviewed, edited, and filed all documents in the case. SRIP's involvement in the litigation was limited to creating the initial drafts of documents which were scrutinized, edited, signed, and then filed by RLG attorneys.  I understand the Court's concern given that SRIP was designated "Plaintiff's Primary Counsel."  However, the use of the term appears to have been inadvertent and does not reflect SRIP's actual role in this uncontested matter.

18.     Accordingly, I do not believe that either out-of-state counsel or Nevada counsel engaged in (or aided and abetted) the unauthorized practice of law in this matter.  This does not mean, however, that I disagree with this Court's references to *Lerner* or this Court previously referring Mr. Safa to the State Bar of Nevada for investigation.  While these two matters are distinguishable from this instant litigation, I believe that discipline was warranted in each of the cases cited by this Court.

19.     The *Lerner* case involved Mr. Rowe—who is not licensed in Nevada—actively engaging in Nevada personal injury cases.  Specifically, Mr. Rowe "conducted negotiations with Progressive [Insurance Company], including preparation and transmission of policy limits demand

---

[7] On January 11, 2023, this Court has entered a Report and Recommendation (ECF No. 17) recommending that a default judgment be entered in Mr. Serio's favor.

[8] If the matter is contested, the SRIP attorneys would ordinarily apply for pro hac vice admission in the case and serve as lead counsel at that point.  As noted earlier, both out-of-state counsel appear to be in good standing in their respective jurisdictions and would likely have been granted pro hac vice status had they applied.

letters between April and June 2005, after he was licensed in Arizona.  He signed the letters as 'Kevin Rowe, Esq.'"  *Lerner*, 197 P.3d at 1070.

20.     Mr. Rowe's conduct clearly constituted the unauthorized practice of law, which my office successfully argued before the Southern Nevada Disciplinary Board and later the Nevada Supreme Court.   Here, however, given that this matter was uncontested, there were no communications with Defendants by either out-of-state counsel and/or Nevada counsel.

21.     Similarly, while Mr. Safa was sanctioned by the State Bar, the sanction, appropriately, did not encompass him reviewing and signing pleadings that were prepared by California counsel in Mr. Safa's law firm.  Rather, it appeared that the firm was submitting filings in Mr. Safa's name <u>without</u> his involvement.  The Letter of Reprimand that Mr. Safa received, in pertinent part, reads as follows:

> After filing the complaint, you failed to continue working on the case. You also failed to supervise other lawyers working on the case. You allowed a California attorney to do work on the matter and failed to supervise his activity. The California attorney communicated with opposing counsel about the matter including discussion regarding settlement, use of alternative dispute resolution, and consenting to a magistrate judge. You also allowed the California attorney to prepare filings and file them on your behalf without your review.

*Letter of Reprimand*, September 10, 2019, at 1.[9]

22.     Mr. Safa was thereafter sanctioned for failing to supervise the California counsel pursuant to RPC 5.1 (Responsibilities of Partners, Managers, and Supervisory Lawyers).  *See id*. As with *Lerner*, a non-Nevada attorney was communicating with opposing counsel in the litigation, and Mr. Safa apparently allowed his firm to use his name on filings without any personal involvement by him.  Neither scenario is present in the instant litigation.

---

[9] The Letter of Reprimand that Mr. Safa received can be retrieved at  <u>https://www.nvbar.org/wp-content/uploads/Safa-LOR.pdf</u>.

23.     Accordingly, based upon the facts presented to me, there was no unauthorized practice of law by SRIP's attorneys and, as such, RLG's attorneys did not aid and abet in any misconduct.

24.     Should the Court have any questions and/or concerns, I would be more than happy to address them at a hearing.

25.     Please be advised that I reserve to right to further supplement and/or amend this declaration and the opinions expressed herein should additional facts or information be made known to me.

26.     Lastly, all opinions rendered herein are made to a reasonable degree of professional certainty.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed this 25th day of January, 2022.

ROB BARE, ESQ.

**EXHIBIT 1**

# ROB BARE
# CURRICULUM VITAE

The Law Office of Rob Bare, PLLC

150 Las Vegas Boulevard North #1812

Las Vegas, NV 89101

RobBare32@gmail.com

(702) 909-7732

(702) 250-3392 (c)

---

**EDUCATION**

Pennsylvania State University, State College, PA, B.A., Pre-Law (Highest Distinction), 1985

University of Pittsburgh School of Law, Pittsburgh, PA, J.D., 1988

The Judge Advocate General's School, Charlottesville, VA, 1989

National Judicial College, Special Court Jurisdiction, Advanced, Reno, NV, 2007

National Judicial College, General Court Jurisdiction, Reno, NV, 2010

**ADMISSIONS TO PRACTICE LAW**

Pennsylvania, 1989 (Inactive)

United States Army Court of Military Review, 1989

Nevada, 1993

United States District Court, District of Nevada, 1996

United States Supreme Court, 1997

United States Court of Appeals for the Ninth Circuit, 1998

**LEGAL EXPERIENCE**

## JUDICIAL

**Judge.** Eighth Judicial District Court, Clark County, NV, Department 32

(January 3, 2011 to January 4, 2021) Civil/Criminal Court.

Elected in November 2010. Re-elected in November 2014.

**Judge.** Las Vegas, NV, Municipal Court, Department 6

(January 2007 to July 2007) Criminal Court.

Unanimously appointed by Mayor Oscar Goodman and the Las Vegas City Council to fill the unexpired term of Judge Abbi Silver until the general election.

## <u>BAR COUNSEL TO THE STATE BAR OF NEVADA</u>

**<u>Bar Counsel.</u>** State Bar of Nevada (August 1993 to January 2011, with exception of Municipal Judicial term).

Chief attorney for the State Bar of Nevada (beginning in 1995.) Responsibilities included prosecution of all aspects of the attorney professional discipline process in the state of Nevada for both the northern and southern regions; hearings from the informal to the formal level; Continuing Legal Education speaker; supervisory duties over a ten-member staff, including three (3) attorneys and four (4) Certified Legal Assistants.

- Tried or presented to conclusion approximately 870 hearings on behalf of the State Bar of Nevada before either the Southern or Northern Nevada Disciplinary Boards.
- Presented a total of fifteen (15) matters to the en banc Nevada Supreme Court, including disciplinary cases and administrative docket hearings.

## <u>HIGHLIGHTS OF SEVENTEEN YEAR TENURE AS BAR COUNSEL</u>

**Ethics Hotline:** Personally and professionally responsible for establishing what now, for years, has been known as the "Ethics Hotline" maintained by the Office of Bar Counsel at the State Bar of Nevada. The genesis of the Ethics Hotline began in 1994 after recommendation by me to the Board of Governors of the State Bar, and since then has evolved into an incredibly important component of the services offered by the State Bar. I am extremely proud that literally thousands upon thousands of attorneys have utilized the hotline over the years in order to practice better, and at times, avoid ethical pitfalls. The practical application of the Ethics Hotline is now described by the State Bar as follows: "Nevada-licensed attorneys with questions regarding their professional responsibilities can contact the Office of Bar Counsel for informal guidance during any business day. Each day, a State Bar attorney is assigned to take calls from Nevada-licensed attorneys with questions about their professional responsibilities. Although the Office of Bar Counsel makes every effort to return all calls by the end of the day, our attorneys try to take calls as they come in, or if a message is left, to call back within an hour." During my time as Bar Counsel, I personally fielded and answered thousands of calls.

**ADKT 370 "E2K" Complete Overhaul of Supreme Court Rules 150-203.5 Adopting the Nevada Rules of Professional Conduct:** With oversight and direction from the Supreme Court of Nevada, and specific appointment by the Board of Governors of the State Bar of Nevada, I served as the Reporter to the committee tasked with review of each and every rule of professional conduct or ethics rule. This resulted in a lengthy submission to the Supreme Court, after numerous committee meetings and public hearings in 2003-2004, which dissected and ultimately led to the adoption of the current version of the Nevada Rules of Professional Conduct. As Reporter, the pleading submitted and filed with the Supreme Court was my responsibility. Further, along with select committee members, I presented the

petition to the en banc Supreme Court in Carson City, NV. This effort, in ADKT 370, affectionately referred to as "Ethics 2000", resulted in transforming the prior set of Supreme Court Rules into the Nevada Rules of Professional Conduct, which has essentially been in place as of the effective date May 1, 2006. Significant changes as a result of this effort were the establishment of interpretive guidelines as to how the Rules of Professional Conduct should be applied, as well as substantive changes concerning lawyer fees, confidentiality, duties to prospective clients, conflict waivers, sex with client prohibition and disqualification and screening in hiring of lawyers.

**NRS 7.285 Unlawful Practice of Law: Initiation of Civil Action by State Bar of Nevada:**
Personally and  professionally instrumental, following lobbying efforts and presentation to both the Nevada Assembly and the Nevada Senate, in what is now the entirety of NRS 7.285, Unlawful Practice of Law. With approval from the Board of Governors for the State Bar of Nevada and the Unauthorized Practice of Law Committee of the State Bar, I presented multiple live witnesses to the Nevada Legislature in Carson City, NV. These witnesses had been victimized by business-like predators engaged in the unauthorized practice of law. This resulted in the current version of NRS 7.285, which includes recidivist provisions, and perhaps most importantly, Section 3, which specifically provides that the State Bar of Nevada may bring a civil action to secure an injunction and any other appropriate relief against a person who violates this section.

**SCR 106.5(4) Lawyer Wellness Program, Limited Use Policy:** Personally and professionally responsible for the recommendation and draft of what is now SCR 106.5(4) Limited Use Policy, which states in relevant part that all information obtained by the Lawyers Concerned for Lawyers Program, or as a result of voluntary services sought from the Nevada Lawyer Assistance Program, including the initial report and any subsequent report to the program thereafter, shall be confidential and shall not be admissible in any State Bar disciplinary, admission, administrative, or other State Bar proceeding. My idea for this vitally important rule, which allows attorneys affected by drug and alcohol abuse to get help without fear of disciplinary exposure, was actually taken from what is now Army regulation 600-85, a United States Army provision which I was familiar with during my time in the service, likewise known in the Army as the Limited Use Policy, which enables soldiers to get help with drug and alcohol abuse without retribution.

**Lawyer Advertising:**  As Bar Counsel, I played a prominent role in the development of what is now a full set of lawyer-advertising Rules of Professional Conduct.

**SCR 102(1) Irrevocable (Permanent) Disbarment:** After some time of prosecuting cases as Bar Counsel to the State Bar, I formed an opinion that an option that should be available to both Disciplinary Panels and ultimately to the Supreme Court, in appropriate cases, is permanent disbarment. After recommendation to the Board of Governors and approval by them, and adoption by the Supreme Court, ultimately an irrevocable disbarment became an option pursuant to SCR 102(1).

**Attorney Specialization:** Played an integral role in the drafting of and presentation to the Nevada Supreme Court of what now are Attorney Specialization Rules of Professional Conduct, which allows Nevada attorneys to communicate specialty areas of practice, provided the applicable Certifying Organization has approved and that certain conditions precedent are met. Over the years, this effort has resulted in Nevada lawyers having the ability to be approved as specialists in the areas of business bankruptcy, child welfare, civil trial advocacy, criminal trial advocacy, elder law, estate planning law, family law, personal injury and workers' compensation.

**SCR 105.5 Diversion and Mentoring:** Played an integral role in what became SCR 105.5 Diversion and Mentoring Program. Here, as an alternative to or in conjunction with disciplinary sanctions, an attorney deemed eligible by the appropriate disciplinary board panel may participate in an approved diversion and/or mentoring program, designed to assist with or improve management or behavior problems that resulted in, or are expected to result in minor misconduct.

**Justice Nancy Saitta's Professionalism Summits:** Honored to have been asked by then Justice of the Supreme Court Nancy Saitta to lead in the creation of several professionalism summits between 2005-2007, which were ethics programs conducted under the direction of Justice Saitta and sponsored by the State Bar of Nevada, the Clark County Bar Association, the Washoe County Bar Association, the Nevada Justice Association, and lawyers and law firms throughout the state of Nevada.

<u>**Gardner v. State Bar of Nevada,**</u> **284 F.3d 1040 (2002):** Sole counsel for the State Bar of Nevada and all its Board of Governors. Following argument at the US District Court level and to the Ninth Circuit Court of Appeals, the case resulted in a reported decision from the United States Court of Appeals, Ninth Circuit. The Court upheld the State Bar of Nevada's efforts to publicize to and educate the public concerning our system of justice, the role of lawyers, and to make the law work for everyone. In relevant part, the Ninth Circuit found that the work of the State Bar to foster public understanding of the adversary nature of law is vital to its function. The court went on to find that in our real world, <u>lawyers are not merely a necessity, but a blessing</u>. (Emphasis added).

## COMPLETE LIST OF ALL PUBLICATIONS AUTHORED

*Nevada Lawyer.*  November 2008.  "Operational Law."

*Nevada Lawyer.*  November 2006.  "Civilian Lawyers Defending Military Personnel at a Trial by Court-Martial."

*Nevada Lawyer.*  January 2006.  "The Professional Independence of a Lawyer."

*Nevada Lawyer.* November 2005. "State Bar Counsel Reflects on JAG Career."

*Nevada Lawyer.* June 2005. "Top 10 Bar Complaints and How to Avoid Them."

*Nevada Lawyer.*  January 2002.  "Lawyers Who Serve their Country."

*Nevada Lawyer.*  September 1996.  "Some Thoughts on Ethics and Lawyer Advertising."

*Nevada Lawyer.*  December 1995.  "Avoid Business Transactions with Clients... But If You Must, Know the Rules."

*Nevada Lawyer.* November 1995. "Look at the Less Serious Side of Bar Discipline: The Names Have Been Changed."

## US ARMY JUDGE ADVOCATE GENERAL'S CORPS

**Senior Defense Trial Lawyer.** (Captain) U.S. Army Judge Advocate General's Corps, Trial Defense Service, Fort Irwin, CA (May 1991 to August 1993)

Attorney responsible for managing all defense functions for clients stationed at Fort Irwin and all of the Southern California region, including:

**Criminal Accused Trial Representation.** Represented as the trial attorney and assigned other lawyers to represent soldiers accused of criminal offenses at Court-Martial proceedings. This included all stages of the Court-Martial process: formal preliminary investigation, extensive motion practice (including written briefs) in front of the military judge and in-court trial advocacy before military juries.

**Supervisor, Trainer, Rater.** Supervised two (2) criminal defense lawyers and two (2) paralegals. Supervisory duties included primary responsibility for staff training in all aspects of client representation. Prepared written ratings (Officer Evaluation Reports) for the other two attorneys in the office.
* Selected for Senior Defense Lawyer position in first tour of duty (this position is usually given to a Major or senior Captain.)

**Trial Defense Lawyer.** U.S. Army Judge Advocate General's Corps, Trial Defense Service, Fort Ord, California (October 1989 to May 1991.)

Represented clients accused of criminal offenses and facing trial by Court-Martial. Carried an average case load of 25 concurrent Court-Martial clients. Deployed with units from Fort Ord to Panama from December 19, 1989, to February 6, 1990, in removal of General Noriega from Panama; advised commanders of various legal aspects of armed conflict scenario.

As a lawyer in the Judge Advocate General's Corps, I have:
- Tried approximately 150 jury and bench trials representing clients accused of murder, attempted murder, rape, larceny, aggravated assault and various other serious alleged felony cases.
- Litigated approximately 100 hearings concerning the Command's attempts to discharge a soldier for alleged administrative misconduct.

**Speaking/Instructor Experience in the Military of Notable Mention.** Speaker and instructor at the Judge Advocate General's School, Charlottesville, VA, 1990. Instructed students on operational law, as well as ethics and professional responsibility.

## TEACHING AND INSTRUCTION EXPERIENCE/ATTENDANCE AT RELEVANT EDUCATIONAL SEMINARS

- Adjunct Professor at Community College of Southern Nevada, which became the College of Southern Nevada, teaching Legal Research from 2001-2009. Instructor within College's Paralegal Studies Program teaching substantive law and legal ethics to college students two semesters per year. Total of sixteen (16) semesters.

- Speaker at various Bridge the Gap Continuing Legal Education Programs, beginning in 1993, held in both Las Vegas, NV and in Reno, NV, sponsored by the State Bar of Nevada, provided to new admittees to the Nevada State Bar. One to two hours, depending on curriculum, per year. Topic: Ethics and Professional Responsibility.

- Speaker at various Annual Meetings of the State Bar of Nevada, held in various locations throughout the United States, in capacity as Bar Counsel to the State Bar of Nevada. Topic: Ethics and Professional Responsibility. 1994-2010.

- Speaker at various conventions, held in various locations within the United States and in Canada, sponsored by the Nevada Trial Lawyers Association (NTLA), which became the Nevada Justice Association (NJA), in capacity as Bar Counsel to the State Bar of Nevada. Topic: Ethics and Professional Responsibility. 1994-2010.

- Speaker and Continuing Legal Education Instructor to attorney and non-attorney members of the Federal Public Defender's Office held in both Las Vegas, NV and in Reno, NV, in capacity as Bar Counsel to the State Bar of Nevada. Various times,1994- 2007. Topic: Ethics and Professional Responsibility.

- Speaker and Continuing Legal Education Instructor to attorney and non-attorney members of various law firms, including McDonald Carano, at both their Las Vegas, NV and Reno, NV offices, in capacity as Bar Counsel to the State Bar of Nevada. Various times, 1994-2010. Topic: Ethics and Professional Responsibility.

- Speaker at various luncheon meetings held by the Southern Nevada Association of Women Attorneys (SNAWA), held in Las Vegas, NV, in capacity as Bar Counsel to the State Bar of Nevada. 1994-2010. Topic: Ethics and Professional Responsibility.

- Speaker and Continuing Legal Education Instructor at various annual Family Law seminars sponsored by the State Bar of Nevada in the State Bar's Family Law section, in both Tonopah, NV and Ely, NV, in capacity as Bar Counsel to the State Bar of Nevada. 1994-2010. Topic: Ethics and Professional Responsibility, specifically as applied to Family Law matters.

- Attendee and occasional Presenter at National Organization of Bar Counsel (NOBC) meetings held in conjunction with the American Bar Association Annual and Semiannual meetings, held in various locations throughout the United States,

in capacity as Bar Counsel to the State Bar of Nevada. 1994-2009. Topic: Ethics and Professional Responsibility.

- Attendee and graduate of Special Court Jurisdiction: Advanced, Two-Week Course at the National Judicial College, Reno, NV, in capacity as Municipal Court Judge. An intense training given to lower court judges, including Ethics instruction relevant to the canons of judicial ethics. 2007.

- Instructor at State Bar of Alabama Annual Convention held in Destin, FL, 2008. Topic: Ethics and Professional Responsibility, with primary focus on the ethics of lawyer advertising.

- Attendee and Graduate of General Court Jurisdiction Two-Week Course at the National Judicial College, Reno, NV, in capacity as District Court Judge. An intense training given to District Court judges, including Ethics instruction relevant to the canons of judicial ethics.  2011.

- Attendee at State Bar of Nevada 2011 Annual Meeting, Kauai, HI. June 2011. Continuing Legal Education seminar.  This included 5.5 credit hours of Ethics.

- Attendee at Nevada Justice Association' 35th Annual Convention, San Francisco, CA. September 2011.  This included 2 credit hours of Ethics.

- Attendee at Advanced Family Law Seminar, sponsored by the State Bar of Nevada, Las Vegas, NV. December 2011. This included 2 credits hours of Ethics.

- Attendee at Nevada Judicial Leadership Conference, sponsored by the Nevada Administrative Office of Courts, Las Vegas, NV. May 2012. This included 5.5 credit hours of Ethics.

- Instructor to Young Lawyers at the Trial Academy, sponsored by the State Bar of Nevada, San Diego, CA. June 2012. Hands-on, individualized instruction, as a District Judge to lawyers, covering all aspects of the litigation and trial process. This included 12.5 hours of instruction.

- Attendance at the 84th Annual Meeting of the State Bar of Nevada, San Diego, CA. June 2012.

- Attendance at the 36th Annual Convention of the Nevada Justice Association (NJA), San Diego, CA. October 2012. This included 2 credit hours of Ethics.

- Presenter and Ethics Continuing Legal Education Provider at event sponsored by the Washoe County Bar Association, entitled "Preventing Nevada Legal Malpractice," Reno, NV. March 2013. This included 4 credit hours of Ethics.

- Attendee at Ethics in Trial and Appellate Practice seminar, sponsored by the State Bar of Nevada. February 2013. This included 5 credit hours of Ethics.

- Attendee at "Evidence in a Courtroom Setting" seminar, sponsored by the National Judicial College (NJC). May 2013. This included 2.5 credit hours of Ethics.

- Instructor to Young Lawyers at the Trial Academy, sponsored by the State Bar of Nevada, Lake Tahoe, NV. July 2013. Hands-on, individualized instruction as a District Judge to lawyers, covering all aspects of the litigation and trial process. This included 17.5 credit hours of instruction.

- Instructor, along with attorney F. Lee Bailey, at the Organization of Bar Investigators' Tenth Anniversary Seminar, Las Vegas, NV, October 2013.

- Instructor at Las Vegas Defense Lawyers seminar, "Civil Trial Practice Tips," Las Vegas, NV. January 2014.

- Attendee at Inn of Court seminar, "The Wrong Man: Witness Identification." February 2014.

- Attendee at District Court Judge training on Medical Malpractice cases. April 2014.

- Attendee at State Bar of Nevada 2014 Annual Meeting. July 2014.

- Attendee at National Judicial College seminar, "Today's Justice: The Historic Bases." July 2014.

- Attendee at Nevada Justice Association (NJA) Annual Convention/Seminar. October 2014. This included 2 credit hours of Ethics.

- Instructor at seminar sponsored by the State Bar of Nevada, "Ethics and Practice Tips in Trial and Appellate Practice." October 2014. This included 6 credit hours of Ethics.

- Attendee at the State Bar of Nevada, Young Lawyers Section, 2015 Annual Meeting. July 2015.

- Attendee at Nevada Justice Association 39th Annual Convention. October 2015. This included 2 credit hours of Ethics.

- Attendee at State Bar of Nevada seminar, "Top 10 Ethical Pitfalls for Nevada Attorneys." April 2016. This included 3 credit hours of Ethics.

- Attendee at Supreme Court of Nevada seminar, "Nevada Judicial Leadership Summit." April 2016. This included 4 credit hours of Ethics.

- Attendee at Nevada Justice Association (NJA) 40th Annual Convention/Seminar. September 2016. This included 2 credit hours of Ethics.

- Instructor at Nevada Justice Association (NJA) seminar, "Ethics." February 2017. This included 8 credit hours of Ethics.

- Instructor at event sponsored by the Nevada Attorney General's Office, "Ethics in Litigation." May 2017. This included 3 credit hours of Ethics instruction.

- Attendee at National Judicial College seminar, "Conducting the Trial." June 2017. This included 1.5 credit hours of Ethics.

- Attendee at Nevada Justice Association (NJA) 41st Annual Convention/Seminar. October 2017. This included 1 credit hour of Ethics.

- Attendee at State Bar of Nevada seminar, "To Report or Not to Report, Save a Life." November 2018.
- Instructor at Supreme Court of Nevada seminar, "2019 Nevada Limited Jurisdiction Judges, Winter Seminar." January 2019. Instructed approximately 100 lower court judges on how to make an effective record to better substantiate court orders on appeal.
- Attendee at Eighth Judicial District Court seminar, "Judges Advance." February 2019. This included 1.5 credit hours of Ethics.
- Attendee at Supreme Court of Nevada, Nevada District Judges Conference. May 2019. This included 2 credit hours of Ethics.
- Instructor at Nevada Justice Association seminar held at the Boyd School of Law, "Elements of Nevada Legal Theories." In attendance were lawyers and law students. September 2019.
- Instructor at Nevada Justice Association seminar, "Entertaining Elements of Nevada Legal Theories." November 2019.
- Attendee at State Bar of Nevada seminar, "Dealing with Adversity." June 2020. This included 1 credit hour of Ethics.
- Attendee at Supreme Court of Nevada seminar, "Ethics - Judges as Bosses." August 2020. This included 1 credit hour of Ethics.
- Attendee at Eighth Judicial District Court AB 236 Training. September 2020.
- Attendee at American Arbitration Association continuing legal education program, "Arbitration Fundamentals and Best Practices for New AAA Arbitrators." May 2021. Honored to be thereafter added to the AAA roster of Arbitrators.
- Instructor at Clark County Bar Association luncheon continuing legal education event, "Ethical Landmines in Today's World and How to Avoid Them." June 2021.
- Instructor at 18th Annual State Bar of Nevada Advanced Family Law Program, "Ethical Issues Facing Family Law Attorneys." December 2021.
- Attendee at American Arbitration Association continuing legal education program, "ACE 22 – Process Essentials for AAA Arbitrators." January 2022.

## HIGHLIGHTS OF LEGAL MALPRACTICE CASES ASSIGNED TO ME AS DISTRICT JUDGE (2011-2021)

A-10-627470-C - Company sued its former attorneys for alleged malpractice. After extensive motion practice, parties ultimately settled their case (after Defendants' motion to enforce the settlement agreement was granted.)

A-11-650047-C - Personal injury attorney's former client sued for malpractice after she received a smaller settlement than expected. Parties settled at the arbitration stage.

A-13-677618 - Former client sued her divorce attorney for malpractice. Parties stipulated to settle their case just after discovery commenced.

A-17-756039-C - Company sued its former attorney alleging a conflict of interest due to ownership in a competing company.  Defendant never appeared resulting in plaintiff obtaining a default judgment.

A-17-759347-C - An elderly couple sued their former attorneys alleging they had stolen their property and overbilled them.

A-17-760737-C - Several financial companies sued multiple firms alleging they failed to diligently represent them in their Nevada cases.  The case included extensive motion practice.

A-17-763982-C - Doctor sued his former business attorney based on myriad of malpractice allegations. Numerous pre-trial motions.

A-18-768688-C - Plaintiffs sued their former construction defense attorney. Parties stipulated to dismiss their case.

A-18-785751-C - Attorney sued his former clients for breach of contract (representation on multiple properties on HOA foreclosure cases) and Defendant counterclaimed for legal malpractice.  After some motion practice, parties stipulated to dismiss the case.

A-18-786655-C – Plaintiff was an inmate convicted of murder with his father. Plaintiff alleged that his attorney committed legal malpractice for failing to represent him after non-payment. Defendant's motion to dismiss was granted and the order was affirmed by the Nevada Supreme Court.

A-19-792712-C - Plaintiff sued his former personal injury attorney.  Complaint was never served and the case was dismissed.

A-19-797290-C - Plaintiffs (estate and the widow) sued their attorney (who drafted the trust document in question) for malpractice alleging that the trust document incorrectly deprived them of their ownership of certain property.

A-19-799229-C - Plaintiff sued her former personal injury attorney. Parties stipulated to dismiss the case.

## ETHICS/PROFESSIONAL RESPONSIBILITY REPRESENTATION

- Defense of Nevada lawyer on charges of competency and communication before State Bar of Nevada Disciplinary Panel.
- Defense of Nevada lawyer on charges of failing to adequately supervise non-lawyer staff and communication before State Bar of Nevada Disciplinary Panel.
- Representation of suspended Nevada lawyer regarding allegations of unauthorized practice of law while suspended.
- Special Appearance made on behalf of business owner in an arbitration conducted by JAMS relevant to the attorney-client privilege.

- Representation of Nevada lawyer on charges of competency and misrepresentation of material facts to a client before State Bar of Nevada Disciplinary Panel.
- Defense of Nevada lawyer on charges of failing to safekeep property and misappropriation of client trust funds before State Bar of Nevada Disciplinary Panel.
- Defense of Nevada lawyer on charges of failing to adequately manage a personal injury law firm and alleged condoning the unauthorized practice of law before State Bar of Nevada Disciplinary Panel.
- Defense of Nevada lawyer regarding allegations of fraud before State Bar of Nevada and Supreme Court of Nevada.
- Representation of Nevada lawyer, in Federal Bankruptcy Court, relevant to attorney/client privilege issues stemming from a Motion to Compel turnover of client's file.
- Representation of Nevada lawyer regarding a District Court Judge's Order to Show Cause concerning alleged contempt.

## PRIOR EXPERT WITNESS WORK

- Expert Opinion provided to Nevada lawyer regarding the propriety of interviewing employees on behalf of corporate client in light of Upjohn v. United States 449 U.S. 383 (1981).
- Expert Opinion provided to Nevada lawyer regarding attorney/client privilege as applied to partners in a law firm following a partner's departure from firm.
- Expert Opinion provided to Nevada lawyer regarding propriety of personal injury attorney or firm ownership of a medical lien factoring company or business.
- Expert Opinion provided to Nevada lawyer regarding the handling of a known IRS lien at time of settlement disbursement relevant to Achrem v. Expressway Plaza Ltd, 112 Nev. 737 (1996).
- Expert Opinion provided to Nevada lawyer regarding accidental use of trust account check.
- Expert Opinion provided to Nevada lawyer regarding the priority of Offer of Judgment attorney fees & costs law over Prevailing Party fees & costs law.
- Expert Opinion provided on behalf of a business owner regarding waiver of attorney/client privilege.
- Expert Opinion provided to Illinois lawyer regarding appropriate firm name in Nevada as well as requirements of asserting a successful referral fee.
- Expert Opinion provided to Nevada lawyer regarding propriety of "pay per click" (PPC) lawyer advertising in conjunction with sponsorship of charities.
- Expert Opinion provided to Nevada lawyer regarding language to be used in a retainer agreement to appropriately address referral fees.
- Expert Opinion provided to Nevada lawyer regarding proper use of sanctions law in a civil setting as applied to Summary Judgment practice.
- Expert Opinion provided to Nevada lawyer regarding the propriety of surreptitiously

audio-taping a client, and resultant conflict of interest.

- Expert Opinion provided to Nevada lawyer concerning duty to report another lawyer to the State Bar.

- Expert Opinion provided to Nevada lawyer regarding conflict of interest concerns relevant to a former client.

- Expert Opinion provided to Nevada lawyer regarding effect of settlement of partnership dispute when a law partner leaves the firm as it pertains to current partnership-based fee claims.

- Expert Opinion provided to Nevada lawyer regarding the propriety of paying certain costs on behalf of a client in a pending contingency fee matter.

- Expert Opinion provided to Nevada lawyer regarding prior employment in law firm managed by another then-suspended lawyer.

- Expert Opinion provided to Nevada lawyer regarding media question and email relevant to NRPC 3.6 (Trial Publicity).

- Expert Opinion and Report and Supplemental Opinion provided to legal malpractice insurance company regarding the conduct of their insured attorneys following a jury trial and resultant verdict. Additionally, Expert Opinion and advice provided regarding various appellate issues concerning this matter as brought to the attention of the Nevada Supreme Court.

- Expert Opinion and Report provided to Nevada lawyer concerning the legal standard relevant to the duty element in a legal malpractice cause of action.

- Expert Opinion provided to Nevada lawyer concerning conduct of three other Nevada lawyers and their role in positions taken to a District Court in a Motion to Set Aside a Default Judgment.

- Expert Opinion provided to Nevada lawyer regarding applicable legal standard relevant to a claim of disgorgement of attorney's fees in a case where the lawyer is representing a client alleged to have embezzled funds from a corporation which is the subject matter of ongoing litigation.

- Expert Opinions and Reports provided to counsel for Nevada lawyer regarding opposing party's Retainer Agreement. Focus on opinion that Termination provision in Retainer Agreement is unethical as it violates NRPC 1.5 (Fees).

- Various Expert Opinions provided to various Nevada law firms, consistent with forensic review of firms' intake documents and procedures. This includes, but is not limited to, the firms' Retainer Agreement, use of Power of Attorney, use of outsider lender to finance costs, Termination provision, agreement regarding referral fees, and perfection of attorney's lien protocol.

- Expert Opinion and Report provided to Nevada lawyer regarding whether she fairly, as a matter of ethics law, entered into an attorney/client relationship with individuals who claim she did.

- Expert Opinion provided to out-of-state counsel and local counsel regarding the common interest, work-product privilege.

- Expert Opinion and Report provided to counsel for Nevada business owner regarding a Nevada lawyer's role in an alleged extortion attempt.

- Expert Opinion and Report provided to counsel for Nevada law firm relevant to legal malpractice allegations and an involved Statute of Limitations issue.

- Expert Opinion and Report provided to Nevada law firm following their Disqualification based upon conflict of interest findings.

## PRIOR EXPERT WITNESS WORK THAT INVOLVED TESTIMONY AS AN EXPERT AT TRIAL OR BY DEPOSITION PURSUANT TO NRCP 16.1(a)(2)(B)(v)

- Expert Report and live testimony as an expert provided in State Bar disciplinary action, State Bar v. Jimmerson (2021).

- Expert Report and deposition testimony as an expert provided in Sabrina G. Wibicki v. Atkinson Watkins & Hoffman LLP, et al., Eighth Judicial District Court Case No. A-21-829779-B.

## SELECTION AS AN ARBITRATOR

- Served as the Arbitrator in a dispute between co-managers of an LLC.
- Served as the Arbitrator in a commercial property dispute as between landlord of a healthcare facility and tenant.
- Served as the Arbitrator in a commercial dispute between two restaurants.
- Served as an Arbitrator Member of a tripartite arbitration panel concerning a dispute amongst managers of a Nevada business.

## PROFESSIONAL ASSOCIATIONS

Pennsylvania State Bar (Admitted 1989) (Inactive)

State Bar of Nevada (1993- Present)

National Organization of Bar Counsel (1993 - 2010)

Clark County Bar Association (1994 - Present)

American Arbitration Association (June 2021 – Present)

## NOTABLE PROFESSIONAL AWARDS/RATINGS

- Recipient of the Pro Bono Award of Judicial Excellence, presented by the Legal Aid Center of Southern Nevada (2014).
- Martindale-Hubbell AV Preeminent (the highest peer rating standard). This is given to attorneys who are ranked at the highest level of professional excellence for the legal expertise, communication skills, and ethical standards by their peers.