1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7   SCOTT SERIO,                                   Case No. 2:21-cv-01940-JAD-NJK

8            Plaintiff(s),
                                                **REFERRAL TO STATE BAR OF**
9   v.                                                     **NEVADA**

10  PREGAME LLC, et al.,

11          Defendant(s).

12      Pursuant to Canon 3(B)(6) of the Code of Conduct for United States Judges, "[a] judge

13  should take appropriate action upon receipt of reliable information indicating the likelihood that .

14  . . a lawyer violated applicable rules of professional conduct."  As will be discussed more fully

15  below, the Court finds that there is a likelihood that these lawyers violated the rules prohibiting

16  the unauthorized practice of law (Nev. R. Prof. Cond. 5.5(a)(1)), the assistance of another's

17  unauthorized practice of law (Nev. R. Prof. Cond. 5.5(a)(2)), and a lack of candor (Nev. R. Prof.

18  Cond. 3.3).[1]

19  **I.    BACKGROUND**

20      This is a copyright infringement action arising out of the use of Plaintiff's photograph in a

21  website's article about betting odds for the 2017 Kentucky Derby.  *See* Docket No. 1-2.[2]  In seeking

22  default judgment, a sworn declaration identified out-of-state attorneys with SR IP Law (Jonah

23  Grossbardt and Matthew Rollin) as the "Primary Counsel[]" who engaged in the bulk of legal work

24  in this case.  Docket No. 13-2 at ¶ 7; *see also id.* at ¶¶ 13-17 (claiming 25.3 hours expended by SR

25  _____

26      [1] The Court makes no finding that the rules have been violated; the Court finds that reliable
    information exists indicating a likelihood that the rules were violated.  Nonetheless, the Court takes
27  very seriously the action of referring attorneys to the bar, so it will explain why it is doing so.

28      [2] Citations to "Docket No. __ " herein refer to docket entries in this specific case.
    References to docket entries made in other cases will be preceded by the name of those cases.

1

IP Law on this case).  The declaration also identified in-state attorneys with Randazza Legal Group (Marc Randazza, Ronald Green, and Trey Rothell) as "local counsel," who expended markedly less time in this case.  *Id.* at ¶ 6; *see also id.* at ¶¶ 18-21 (claiming 10.3 hours expended by Randazza Legal Group on this case).  Given that the out-of-state attorneys never appeared as counsel of record and are not licensed to practice in Nevada, the Court issued an order to show cause as to whether the circumstances showed the unauthorized practice of law by the out-of-state attorneys and the aiding of the unauthorized practice of law by the in-state attorneys.  Docket No. 16.  The attorneys filed a response.  Docket No. 19.

## II.    UNAUTHORIZED PRACTICE OF LAW

Both the unauthorized practice of law and the aiding of another's unauthorized practice of law violate Nevada's ethical rules.  Nev. R. Prof. Cond. 5.5(a).  Such conduct may lead to disciplinary proceedings and other adverse consequences.  *See, e.g.*, *In re Discipline of Lerner*, 197 P.3d 1067 (Nev. 2008) (*en banc*) (publicly reprimanding Nevada attorney for assisting in an Arizona-based attorney's unauthorized practice of law).

This District has established two primary methods for an attorney to become authorized to practice law here.  First, that attorney may apply to be admitted to the bar of this Court.  Local Rule IA 11-1(a)(1).  This process requires, *inter alia*, that the attorney is admitted to practice before the Supreme Court of Nevada and remains in good standing therewith.  *Id.*  Second, an attorney may apply to be admitted to practice in a particular case.  Local Rule IA 11-2(a).  This process requires, *inter alia*, the payment of a fee, Local Rule IA 11-2(b), and the absence of regular practice in this Court by the applicant, Local Rule IA 11-2(h).  It is undisputed that the out-of-state SR IP Law attorneys are not members of the Nevada bar, are not admitted to practice in this District, and did not apply to appear in this case *pro hac vice*.

The order to show cause response indicates that the out-of-state attorneys were not engaged in the unauthorized practice of law, casting them as merely assisting from afar and representing that it was the Nevada attorneys at Randazza Legal Group who were ultimately in charge.  *See, e.g.*, Docket No. 19 at 3.  In so doing, the response points specifically to exceptions to the rules against unauthorized practice of law.  For example, the response relies on an exception that applies

when a "lawyer is engaged in the occasional representation of a client in association with a lawyer who is admitted in this jurisdiction and who has actual responsibility for the representation and actively participates in the representation, provided that the out-of-state lawyer's representation of the client is not part of a regular or repetitive course of practice in this jurisdiction."  Nev. R. Prof. Cond. 5.5(b)(5); *see also* Docket No. 19 at 6 (invoking this exception).  The response also relies on an exception when a "lawyer is representing a client, on an occasional basis and not as part of a regular or repetitive course of practice in this jurisdiction, in areas governed primarily by federal law, international law, or the law of a foreign nation."  Nev. R. Prof. Cond. 5.5(b)(6); *see also* Docket No. 19-8 at ¶ 10 (invoking this exception).

The invocation of these exceptions does not assuage the Court's concerns.  First, both exceptions are subject to a caveat that the lawyering be occasional and irregular.  The papers indicate that counsel did not "regularly practice law" in Nevada, *e.g.*, Docket No. 19-3 at ¶ 6, or engage in "business" in Nevada, *e.g.*, Docket No. 19 at 9.  However, the records in this courthouse raise significant concerns as to the veracity of those statements.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of the filings on the docket in other cases).  Indeed, one recent case (not cited in the papers) on its face involves substantially similar circumstances by the same set of lawyers.  *Creative Photographers Inc. v. Beautiful People L.L.C.*, Case No. 2:21-cv-2160-GMN-EJY (D. Nev. Dec. 7, 2021).  In that case, attorneys for the Randazza Legal Group filed a complaint for copyright infringement.  *Creative Photographers*, Docket No. 1.  After the defendant failed to appear, the Randazza Legal Group sought entry of default and then filed a motion for default judgment.  *Creative Photographers*, Docket No. 12.  Although they had never appeared as attorneys of record, the bulk of legal fees sought in that motion for default judgment arose from the work of attorneys Grossbardt and Rollin of SR IP Law, along with their staff.  *See Creative Photographers*, Docket No. 12-2.  SR IP Law is identified in that case as "Plaintiff's Primary Counsel[]" and Randazza Legal Group is identified as "local counsel."  *Creative Photographers*, Docket No. 12-2 at 2.  Hence, SR IP Law's remote legal practice is not an isolated incident.

Moreover, there are a number of other cases that may involve the same conduct, but in which the record does not include a motion for default judgment, paperwork seeking attorneys' fees, or other documentation that on its face would show whether out-of-state counsel were similarly involved.  For example, the record here makes clear that SR IP Law has represented Plaintiff "over the years" in cases using their litigation templates.  Docket No. 19-3 at ¶ 9; *see also* Docket No. 19-1 at ¶ 3.  Plaintiff Serio is the owner of Eclipse Sportswire, Docket No. 13-1 at ¶ 3, which recently filed two other copyright infringement actions initiated by the Randazza Legal Group that appear to reflect the same form complaint, *see Eclipse Sportswire v. LIR Indus. LLC*, Case No. 2:22-cv-00748-JCM-DJA, Docket No. 1 (D. Nev. May 10, 2022); *Eclipse Sportswire v. Vegas Sports Information Network, LLC*, Case No. 2:21-cv-01205-RFB-DJA, Docket No. 1 (D. Nev. June 25, 2021).  Hence, there is a likelihood that the same arrangement among counsel with respect to legal work may exist for these additional cases.[3]  In light of all of the circumstances, the Court is not confident that SR IP Law's conduct represents an "occasional" practice in this jurisdiction, rather than a "regular" course of conduct.[4]  Hence, the Court is not persuaded that a sufficient showing has been made that the cited exceptions apply.

The Court is also not confident in the ubiquitous assertions that it is really the Randazza Legal Group attorneys who are lead counsel with actual responsibility for the representation.  *See,*

---

[3] Over the last year and a half, several other copyright infringement cases were filed by the Randazza Legal Group that appear to use the same template complaint.  *See Reiffer v. Wild West Helicopters Inc.*, Case No. 2:23-cv-00032-RFB-EJY, Docket No. 1 (D. Nev. Jan. 6, 2023); *Stross v. Metrospace Design Grp.*, Case No. 2:22-cv-01378-JAD-DJA, Docket No. 1 (D. Nev. Aug. 25, 2022); *Corson v. Executive Realty Services, Inc.*, Case No. 2:22-cv-1292-RFB-BNW, Docket No. 1 (D. Nev. Aug. 11, 2022); *Duffy Archive Ltd. v. Signari Gallery LLC*, Case No. 2:22-cv-00747-JCM-DJA, Docket No. 1 (D. Nev. May 10, 2022); *Kretschmer v. Vegas411, LLC*, Case No. 2:21-cv-01723-GMN-DJA, Docket No. 1 (D. Nev. Sept. 17, 2021).  The nature of SR IP Law's involvement in these cases is not clear from the dockets.  The Court notes these cases herein simply as further indicia of a likelihood of a violation of the rules.

[4] The potential that SR IP Law has been regularly engaging in legal work for cases in this District also implicates the *pro hac vice* rules, which require the payment of an admission fee, Local Rule IA 11-2(b), and foreclose "repeated" or "excessive" *pro hac vice* appearances, Local Rule IA 11-2(f).  The SR IP Law attorneys represent that they have not "appeared" in a sufficient number of cases in this courthouse to be disqualified from gaining *pro hac vice* status.  *E.g.*, Docket No. 19-2 at ¶ 8.  Such an assertion begs the question of whether the SR IP Law attorneys are attempting to circumvent the *pro hac vice* rules by not "appearing" in cases when they know or reasonably should know that they required to do so.

*e.g.*, Docket No. 19 at 3.  As a starting point, the Court again notes that a sworn declaration indicates the exact opposite:  that the SR IP Law attorneys are the "Primary Counsel[]" and that the Randazza Law Group attorneys have been acting "as local counsel for this matter."  Docket No. 13-2 at ¶¶ 6-7; *see also Creative Photographers*, Docket No. 12-2 at 2 (providing the same characterization of the relationship between the firms).  The billing records appear to reflect that SR IP Law and Randazza Legal Group entered into an agreement designating Randazza Law Group as "local counsel."  Docket No. 13-2 at 20 (SR IP Law billing entry for August 23, 2021, related to "creat[ing]" the "Local Counsel Agreement – Randazza Legal Group, PLLC").  The billing records also appear to reflect that the attorneys working on the case recognized SR IP Law as lead counsel.  *See* Docket No. 13-2 at 15 (billing record of Randazza Attorney Rothell from October 3, 2022, referencing his transmitting a court order "to lead attys"); *id.* (billing record of Randazza Attorney Rothell from October 6, 2022, for the time spent "[c]onfer[ring] w/ lead counsel").[5]  On top of all of that, it is SR IP Law who engaged in the bulk of legal services provided, *see* Docket No. 13-2 at ¶¶ 13-21, and the documents drafted by SR IP Law attorneys do not always have any corresponding time entry of any Randazza attorney reviewing them prior to filing, raising the prospect that they were filed without review by a Randazza attorney.[6]  While the response to the order to show cause now insists that it is actually the Randazza Legal Group that acted as lead counsel, *see, e.g.*, Docket No. 19 at 3, the record is to the contrary.

---

[5] The billing records are not a model of clarity and the lead attorneys are not identified in these entries by name.  Nonetheless, there is no corresponding entry for work by any other attorney for the Randazza Legal Group, but there are corresponding entries regarding communications involving SR IP Attorney Rollin.  *See* Docket No. 13-2 at 27-28.  The most logical conclusion is that Attorney Rothell was referring to Attorney Rollin of SR IP Law as the lead attorney.

[6] The complaint is the most obvious example.  Randazza Attorney Green now swears that he "reviewed and revised the complaint" prior to its filing.  Docket No. 19-5 at ¶ 5.  The record paints a different picture.  The complaint was "created" and "edited" by SR IP Paralegal James and SR IP Attorney Rollin.  *See* Docket No. 13-2 at 19-21.  There is no billing entry for work performed by Attorney Green or any attorney at Randazza Legal Group regarding the complaint. Indeed, the first Randazza attorney billing entry is not until months later on January 20, 2022, when Plaintiff was seeking default.  Docket No. 13-2 at 15.  The only billing entry for Randazza Legal Group for the complaint is for "*Paralegal Time*" for "[i]ntake of documents for filing from SR IP.  Conformed documents and formatted for filing.  Filed with Court."  Docket No. 13-2 at 15 (billing entry for October 21, 2021) (underlining added).  A paralegal intaking a document, conforming it, and then filing it is assuredly not a sign that the in-state attorneys were steering this ship.  This billing record also appears to be at odds with Attorney Green's representation.

In short, the circumstances present a likelihood that the governing rules were violated with respect to the unauthorized practice of law and the assistance in the unauthorized practice of law.[7]

### III.   LACK OF CANDOR

In addition to the concerns identified in the order to show cause regarding the unauthorized practice of law, the response to the order to show cause raises additional concerns as to a potential lack of candor.  Lawyers owe a duty of candor to the courts.  A lawyer must not make a false statement of fact to a tribunal.  Nev. R. Prof. Cond. 3.3(a)(1).  The duty of candor is heightened in an *ex parte* proceeding, during which a lawyer must "inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."  Nev. R. Prof. Cond. 3.3(d).[8]

The Court has significant concerns as to several of the representations made in this show cause process.  First, counsel provide serial assertions that the Randazza Legal Group attorneys acted as lead counsel and that the SR IP Law attorneys were second chair, despite the earlier sworn

---

[7] The response to the order to show cause includes an opinion of former bar counsel, Rob Bare.  *See* Docket No. 19-8.  The opinions expressed therein were reached based on the factual representations made by counsel to Bare.  *See id.* at ¶¶ 4-5, 23, 25.  For example, Bare relies on the representation that Attorney Green "reviewed and revised the draft Complaint prior to filing to ensure that it was accurate, complete, and [] complied with the District of Nevada local rules."  *Id.* at ¶ 12; *see also id.* at ¶ 21 (distinguishing another case given that it involved an attorney allowing his signature to be used without his review of the filing).  Bare also relies on the fact that the work conducted by the SR IP Law attorneys in this District is of an "occasional" nature.  *See id.* at ¶¶ 9-10.  For the reasons explained herein, it is not clear that those factual predicates are accurate.

[8] Given that that Defendants defaulted, the order to show cause process may be considered an *ex parte* proceeding.  *Cf. Kentucky Bar Ass'n v. Hines*, 399 S.W.3d 750, 766 (Ky. 2013).

declaration to the contrary, Docket No. 13-2 at ¶¶ 6-7,[9] the fact that the bulk of the time on the case was performed by the SR IP Law firm, *see* Docket No. 13-2 at ¶¶ 13-21, the billing records that appear to show that these two firms entered into a formal agreement by which the Randazza Legal Group would act as local counsel, Docket No. 13-2 at 20, the billing records that appear to reflect that the attorneys themselves recognized SR IP Law as lead counsel, Docket No. 13-2 at 15, the absence of any billing records for Randazza attorneys regarding key legal documents, like the complaint, *see* Docket No. 13-2 at 15 (billing entry for October 21, 2021, providing instead that paralegal received complaint from SR IP Law for filing, conformed the complaint, and then filed it), and the lack of any Randazza attorney billing entries until default was being sought, Docket No. 13-2 at 15.  The record raises serious questions as to the validity of the representations as to the roles of the different attorneys.

Second and relatedly, Attorney Green attests specifically that he "reviewed and revised the complaint to ensure that it was accurate, complete, and complied with the District of Nevada local rules."  Docket No. 19-5 at ¶ 5.  Any such work by Attorney Green is noticeably absent from the billing records, which instead show that a local paralegal simply obtained the complaint from SR IP Law for the purpose of filing it and that Attorney Green billed no time to this matter until months thereafter, Docket No. 13-2 at 15.  Similarly, SR IP Attorney Rollin attests that all of his work product was "supervised" by Attorney Rothell, Docket No. 19-3 at ¶ 10, and Randazza Attorney Rothell attests on the flip side of the coin that "[a]ny work the SRIP Attorneys performed on this action was under the supervision of RLG attorneys,"  Docket No. 19-6 at ¶ 8, even though the

---

[9] An attorney who neither prepared nor signed the subject declaration now explains that the inclusion of this term was merely a "scrivener's error" and that the term "Primary Counsel" refers to his firm's longstanding relationship with Plaintiff rather than to his role in this specific case.  Docket No. 19-2 at ¶¶ 14-15.  Although the subject declaration was attested to by Randazza Attorney Rothell, Docket No. 13-2 at 4, it appears that it was actually prepared by SR IP Attorney Rollin, *see* Docket No. 13-2 at 27-28 (billing entries of October 4, 2022, October 5, 2022, and October 6, 2022, for "edit[ing]" Rothell declaration); *see also id.* at 15-16 (providing no time entry for attorney Rothell drafting the subject Rothell declaration and indicating that on November 7, 2022, attorney Rothell "beg[a]n review of default judgment materials").  Neither Attorney Rothell nor Attorney Rollin attest that the assertion in the declaration was a scrivener's error.  *See* Docket No. 19-3; Docket No. 19-6.  Such assertion is instead now made by out-of-state attorney Grossbardt.  Docket No. 19-2 at ¶¶ 14-15.  It is unclear how out-of-state attorney Grossbardt can attest based on personal knowledge as to the intent behind this language provided by Attorney Rollin and attested to by Attorney Rothell.

contemporaneous billing records from Attorney Rothell appear to reference Attorney Rollin as being lead counsel, Docket No. 13-2 at 15 (billing record of Attorney Rothell from October 3, 2022, referencing transmittal of court order "to lead attys"); *id.* (billing record of Attorney Rothell from October 6, 2022, for the time spent "[c]onfer[ring] w/ lead counsel").[10]

Third, the Court has serious concern regarding the attempts to shoehorn the out-of-state counsel's activity into an exception requiring, *inter alia*, occasional and irregular practice in this jurisdiction. Nev. R. Prof. Cond. 5.5(b)(5); *see also* Nev. R. Prof. Cond. 5.5(b)(6). In a similar vein, out-of-state counsel attested that they have not engaged in a "regular or repetitive course of business" in Nevada. *See* Grossbardt Decl. at ¶¶ 8, 17; Rollin Decl. at ¶ 6. Nonetheless, the Court's records reveal at least one other case in which out-of-state counsel appear to have engaged in the exact same lawyering practice within Nevada. *Creative Photographers Inc. v. Beautiful People L.L.C.*, Case No. 2:21-cv-2160-GMN-EJY, Docket No. 12-2 (D. Nev. Oct. 26, 2022). Although obviously material to the exception counsel now seek to apply and subject to disclosure under the rules regarding candor to the court, this case was not disclosed in the response to the order to show cause. Moreover, numerous other cases recently filed within this District also appear to create a likelihood that counsel engaged in the same lawyering practice within Nevada in other cases. *See Eclipse Sportswire v. LIR Indus. LLC*, Case No. 2:22-cv-00748-JCM-DJA, Docket No. 1 (D. Nev. May 10, 2022); *Eclipse Sportswire v. Vegas Sports Information Network, LLC*, Case No. 2:21-cv-01205-RFB-DJA, Docket No. 1 (D. Nev. June 25, 2021); *see also Reiffer v. Wild West Helicopters Inc.*, Case No. 2:23-cv-00032-RFB-EJY, Docket No. 1 (D. Nev. Jan. 6, 2023); *Stross v. Metrospace Design Grp.*, Case No. 2:22-cv-01378-JAD-DJA, Docket No. 1 (D. Nev. Aug. 25, 2022); *Corson v. Executive Realty Services, Inc.*, Case No. 2:22-cv-1292-RFB-BNW, Docket No. 1 (D. Nev. Aug. 11, 2022); *Duffy Archive Ltd. v. Signari Gallery LLC*, Case No. 2:22-cv-00747-JCM-DJA, Docket No. 1 (D. Nev. May 10, 2022); *Kretschmer v. Vegas411, LLC*, Case No. 2:21-cv-01723-GMN-DJA, Docket No. 1 (D. Nev. Sept. 17, 2021).

---

[10] As noted above, there is no corresponding entry for work by any other attorney for the Randazza Legal Group, but there are corresponding entries regarding communications involving Attorney Rollin of SR IP Law. *See* Docket No. 13-2 at 27-28.

In short, the circumstances present a likelihood that the governing rule was violated with respect to the duty of candor.[11]

## IV.    CONCLUSION

For the reasons discussed more fully above, the Court finds that there is a likelihood that these lawyers have violated the rules prohibiting the unauthorized practice of law (Nev. R. Prof. Cond. 5.5(a)(1)), prohibiting assisting another in the unauthorized practice of law (Nev. R. Prof. Cond. 5.5(a)(2)), and prohibiting a lack of candor (Nev. R. Prof. Cond. 3.3).  Accordingly, the Court will refer this matter to the State Bar of Nevada for further proceedings as it deems fit.  The Clerk's Office is **INSTRUCTED** to provide a copy of this order, as well as Docket Nos. 1, 12 (including all exhibits), 16, and 19 (including all exhibits), to:

State Bar of Nevada
Attn: Office of Bar Counsel
3100 W. Charleston Blvd., Suite 100
Las Vegas, NV 89102

IT IS SO ORDERED.

Dated: May 2, 2023

Nancy J. Koppe
United States Magistrate Judge

---

[11] The Court has not endeavored to identify all instances in which a lack of candor may be a problem, and there are several other questionable representations.  *Compare, e.g.*, Docket No. 19 at 8 ("SRIPLaw's attorneys did not negotiate on [P]laintiff's behalf [and] did not hold themselves out to others as plaintiff's attorneys on this matter") *with* Docket No. 1-3 at 2-5 (demand letter from SR IP Law that begins with assertion that "**[w]e are a law firm making a claim on behalf of our client**" before repeatedly identifying Plaintiff as its "client" and seeking to negotiate with Defendants (emphasis in original)); *id.* at 19-20 (second demand letter from SR IP Law).